MARY HANDBERRY *et al*

*v.*

SAMUEL G. DOOLITTLE.

1. WILLS—*construction thereof—of a devise to a class of persons—rights of afterborn persons of that class.* It is a well settled rule in the construction of wills, that where there is a devise to a *class* of persons, as to the children or issue of A, and the estate is to come into possession of the devisees immediately upon the death of the testator, those persons of the class who are in being at the death of the testator will take the devise, to the exclusion of those thereafter born.

2. But if the will carves out a particular estate, which intervenes between the death of the testator and the period of distribution of the estate devised to the class, then all persons belonging to such class at the time when the estate is divided, are included, though born after the death of the testator.

3. SAME—*application of the rule in this case.* In this case the testator devised a certain portion of his estate to "the children" of his brother

Rawley, declaring, however, that Rawley "should have uncontrolled and absolute management and disposal of all such part of the estate his said children at the testator's decease should become entitled to, until the youngest of said children should become of full age, to use said means at his discretion, without having to account to any person or persons in court or courts whatsoever, as to his application thereof." *Held*, that Rawley took a particular estate, which prevented the estate devised to his children from vesting in possession at the death of the testator, and thus let in, with the children of Rawley who were in being at the testator's death, another child who was born afterwards.

4. SAME—*the construction sustained from other provisions of the will.* In the same will, the testator, in providing for the children of another brother, who was then dead, devised to them by their proper names, instead of describing them merely as children of his brother, thus indicating an intention, in the case of his brother Rawley, to whose children he devised as a class, using the generic term, children, to include any possible after-born children.

5. RATIFICATION—*what constitutes.* After the death of the testator, and before the after-born child of Rawley was in being, a partition was had of the real estate, between the devisees then living, the portion devised to the children of Rawley being allotted by the decree of partition to the two children then in being, by their names, to be held by them as tenants in common. It is *held*, that the application of the after-born child of Rawley for his portion of the estate so allotted to the two elder children, did not operate as such a ratification of the proceedings in partition as to affect his rights as a devisee under the will.

6. PARTITION—*what rights affected thereby.* The fact that the children of Rawley who were parties to the proceeding in partition, were invested under the decree by name, and as tenants in common, with the land set off to them, would not affect the rights of a child who was not a party.

7. Neither did their estate then vest in them in possession so as to cut off the estate of their father, Rawley.

WRIT OF ERROR to the Circuit Court of Tazewell County; the Hon. DAVID DAVIS, Judge, presiding.

The case is fully stated in the opinion of the court.

Messrs. COOPER and MOSS, for the plaintiffs in error.

Mr. B. S. PRETTYMAN, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the 21st of July, 1854, one William B. Doolittle died, leaving a will, by which, after providing for the payment of his debts, he divided his estate into four equal parts and bequeathed it as follows:

"To Mary Marie Doolittle and Irwin B. Doolittle, infant children of my deceased brother, Irwin B. Doolittle, I devise and bequeath one-fourth of my estate of every kind and description whatever, with the express condition and stipulation that if either of them shall die before he or she shall have arrived at his or her majority, then and in that event, said one-fourth part of my said estate shall go to the survivor of said two children, but if at the time of my decease, neither of said two children shall be living, then I devise and so will that said one-fourth of said estate shall become the property of my brother Amaziah D. Doolittle, George W. Doolittle and of the children of my brother Rawley S. Doolittle, under the same conditions, limitations and restrictions, as the remaining three-fourths of my estate hereinafter devised to them are attended with.

"In the third place, I do hereby devise and bequeath unto my brother Amaziah D. Doolittle the one-fourth of my estate. And to my brother George W. Doolittle the one-fourth of my estate. And to the children of my brother Rawley S. Doolittle the one-fourth of my estate. And I do further declare, that inasmuch as it is my fixed will and determination that my estate shall go for the benefit of the devisees aforesaid, and to their lawful wives and legitimate children, and to no other persons whatsoever, I request and will that if either of said devisees shall depart this life before me, leaving neither lawful wife nor child, the portion of the decedent shall be divided among the remaining devisees, their widows and children, according to true intent and meaning of the will.

"It being borne in mind however, and I here again explicitly say and declare, that the children of the said Irwin

B. Doolittle, shall take by survivorship from each other, and that the children of the said Rawley S. Doolittle shall likewise take by survivorship from each other, this provision however not to deprive said children either of the said Irwin B. Doolittle or Rawley, of their share of any lapsed legacy. And I do further will and declare that Rawley S. Doolittle, my brother, shall have uncontrolled and absolute management and disposal of all such part of my estate his said children at my decease shall become entitled to, until the youngest of said children shall become of full age, to use said means at his discretion without having to account to any person or persons in court or courts whatsoever, as to his application thereof, but if the said Rawley S. Doolittle shall die before my decease, then I desire that such means or funds may be controlled by the legally appointed guardians of said infant children as is justified and required by law. But if the said Rawley S. Doolittle shall be in full life and said children shall be deceased, then I bequeath said property to my brother Amaziah, for the use of said Rawley, the said Rawley however, to have the use and control of the same."

It will be observed that by this will the testator devised one undivided fourth part of his estate to his brother Amaziah, one-fourth to his brother George W., one-fourth to Mary M. and Irwin B., infant children of his deceased brother Irwin B. Doolittle, and one-fourth to "the children" of his brother Rawley Doolittle, not designating them by name. At that time said Rawley had two children born from his first wife, then deceased, aged respectively five and seven years, and named Mary and Martha, now Mary Handberry and Martha Conklin, plaintiffs in error herein. Rawley afterwards married again, and by his second wife had a child named Samuel G., the defendant in error. At the September term, 1855, of the Tazewell Circuit Court, Amaziah, George, Rawley, Mary and Martha Doolittle, filed their petition for partition against their co-devisees, and a decree was pronounced directing a partition and appointing commissioners. At the April term, 1856, the

commissioners reported, making partition, and setting off a certain tract of land to Mary and Martha, the children of Rawley, to be held by them as tenants in common, and their report was approved. The defendant in error was born in December, 1856, after these partition proceedings were had. Rawley Doolittle died in May, 1864, and soon after his death, the defendant in error filed his petition against Mary and Martha for partition of the tract of land that had been set off to them in the former suit. The court below decreed in his favor, and they have prosecuted a writ of error.

The question presented by the record is, whether the devise to "the children" of Rawley S. Doolittle, is to be construed as applying only to such children as were in being at the time of the death of the testator, or is to include also Samuel G. Doolittle, the defendant in error, who was not born until after his death.

It is a well settled rule in the construction of wills, that where there is a devise to a *class* of persons, as to the children or issue of A, and the estate is to come into possession of the devisees immediately upon the death of the testator, those persons of the class who are in being at the death of the testator will take the devise, to the exclusion of those thereafter born. But if the will carves out a particular estate, which intervenes between the death of the testator and the period of distribution of the estate devised to the class, then all persons belonging to such class, at the time when the estate is divided, are included, though born after the death of the testator. 2 Jarman on Wills 75.79; 2 Powell on Devises 303 ; *Anable* v. *Patch,* 3 Pick. 360; *Jenkins* v. *Treyer,* 4 Paige 47.

This rule of construction is not controverted by the counsel for the plaintiff in error, but he insists that it has no application to this case. It seems to us very clear, however, that Rawley S. Doolittle, the father of these parties, by the provisions of this will, took an estate terminable on the coming of age of his youngest child. The will provides that Rawley " shall have the uncontrolled and absolute management and

disposal" of the share devised to his children, until the youngest child shall come of age," to use said means at his discretion, without having to account to any person or persons, in court or courts whatsoever, as to his application thereof." What is this but a devise to him of the property to have and hold, until the youngest child shall come of age? Without a resort to technical terms, more decisive language could hardly be used. What element of ownership is wanting? He is to have the management, the disposal, the use at his discretion, without liability to account to any person whatever. If he had made a lease to terminate when his youngest child should attain its majority, can it be doubted that the lessee would have taken an estate in the property during the time described; or if he had made a quit-claim deed, would not the grantee have held the property against the children until the youngest child became of age? It is said in *Okeden* v. *Okeden*, 1 Atkyns 550; *Hall* v. *Carter*, 2 ib. 358; and *Mills* v. *Banks*, 3 Peere Wms. 7, that a devise of rents and profits will pass the land, and in this will much stronger language has been used. We are of opinion that Rawley S. Doolittle took a particular estate, which prevented the estate devised to his children from vesting in possession at the death of the testator, and thus let in the after-born child.

But apart from this rule of construction, there is a peculiarity in the phraseology of this will which indicates it to have been the clear intent of the testator to include any after-born children of his brother Rawley. In providing for the children of his deceased brother, Irwin, he devises to them, by their proper names, instead of describing them merely as children of his brother. But as his brother Rawley was still living, and might have more children, instead of devising to them by their proper names, he simply devises to them as a class, using the generic term, children. Why this difference in the two cases, unless he had in view the possible after-born children of Rawley, who would have precisely the same claim upon his bounty,

on the score of consanguinity, with the children living at his death.

It is further urged that the rights of the defendant in error are concluded by the former decree of partition, because he ratifies it by claiming, to a certain extent, under it, and because the estate of the children vested in possession under the decree then rendered, before the defendant in error came into being. But he only ratifies that proceeding to the extent of acquiescing in the partition then made, as between the children of Rawley S. Doolittle and the other devisees. There was no partition as between the different children of Rawley, and the fact that the children who were parties were invested by name, and as tenants in common, with the land set off to them, does not affect the rights of a child who was not a party. Neither did their estate then vest in them in possession so as to cut off the estate of their father, Rawley. The proceeding no where sought to affect his interest, and the decree setting off certain land to the children must be regarded as merely setting it off to them to hold such estate therein as they might be entitled to under the will, in severalty from the other devisees.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*