VOORHEES, J.
Plaintiff as executor of the last will and testament of Ada M. Brieker, deceased, brought an action in the court of common pleas of this county, under section 6202, Revised Statutes, asking direction of the court respecting the estate and the construction of the eighth item of her will, which is in words following:
Item 8th. ‘‘I give and bequeath to my sister Harriet E. Brieker and my brother Joseph P. C. Brieker, each one-fourth of the residue of my estate; and to the children of my brother John T, Brieker, remaining one-half of' such residue; said bequest to the children of my brother, John T, Brieker, to be shared by them equally, and to be paid to them respectively as they arrive at the age of majority, the shares of said children to be kept at interest by my executor until so paid.”
At the time of the execution of the will and the death of •the testatrix, said John T. Brieker had only three children, •namely, William T. Brieker, Albert T. Brieker and Mary T. Brieker; William T., the eldest, became of age on the 19th day of December, 1899; and the testatrix, Ada M. Bircker, died prior thereto, to-wit: On the 26th day of *111 October, 1887. Since the death of the testatrix, and before said William T. Bricker became of age, two other children were born to the said John T. Bricker, namely, Ellen and Margaret Bricker.
The contention, and the only contention, arises under the eighth item of the will, and is between the children of ■John T. Bricker, who were born prior to and were living at the time of the execution of the will, and prior to the death of the testatrix, and the two born after her death, and before said William T. Bricker, the eldest child of JohnT., became of age.
The former contend that they are entitled to the bequest mentioned in said item eighth, exclusive of the two children born after the making of the will.
The beqest in this case, is to the children of' the testatrix’s brother, John T. Bricker, without naming them, or in any way designating them as by number, or childen then living.
The general rule that a will speaks as of the death of the testator, is subject to the qualification that, when a testator expressly refers to a condition of things as existing at the time of the execution, it will speak as of that date; Board of Education of Fairfield Township et al. v. Ladd, Administrator, etc., 26 Ohio St. Reports, pages 210-213.
Under this rule of construction or exception, if the testator devises property to children as a class, whom he describes as now living, meaning at the execution of the will, only those who are living at that date will be entitled to take, to the exclusion of the heirs of those who have died before the execution, and of children who are born subsequently thereto, And, a devise to children who are specifically named is a devise to them as individuals and not as a fluctuating class. 2 Underhill on the Law of Wills, - section 552.
Where the gift is simply to the children of the testator, or to the children of A, and it is not preceded by a prior life estate, but is stated in general terms to be payable when the beneficiaries attain twenty-one years of age, such children only will take who are in being at the death of the testator, or who come into existence before the eldest child, who is also living at the death of the testator, shall *112 attain twenty-one years of age, including in each case a child en ventre sa mere, and the issue of a child deceased bewteen the death of the testátor and the date of distribution. Ib., section 554.
“Where a legacy is given to a class of individuals in general terms, as to the children or grandchildren of a person named, and no period is fixed for distribution, the time for distribution will be the death of the testator: Viner v. Francis, 2 Cox Circuit Court, 190; Devisme v. Mello, 1 Bro. Circuit Court, 537; 2 Jarman on Wills (6th edition), 1010, and the cases cited. “But, where the distribution is by the terms of the will deferred to some time after the testator’s death, the gift will embrace not only all the children or members of the class living at the death of the testator, but all those who shall susequently come into existence and are living at the time designated for the distribution. If the bequest is a present bequest, the beneficiaries who are in esse at the death of the testator will take vested interest in the fund, but subject to open and let in after born children who shall come into being and belong to the class at the time appointed for the distribution, and, where the distribution is postponed until the attainment of a given age by the children, the legacy will apply only to those who are living at the death of the testator and who shall come into existence before the first child attains the age named, this being the period when the fund is first distributed with respect to any member of the class.”
“Where the members of a class take vested interests in a legacy distributable at a period subsequent to the death of the testator, but subject to open and let in after-born children, they take their vested interest in their share subject to the distribution of those shares as the members of this class are increased by future birth, and, on the death of any of the children previous to the period for distribution, their shares will go to their respective representatives: Tucker v. Bishop, 16 N. Y., 402; Thomas v. Thomas, 149 Mo., 426; s. c. 73 Am. St. Rep., 405.”
The rule as to ascertainment of the class to take a gift to be paid at a certain age, or to such as attain a certain age, is concisely laid down in Theobald on Wills, 143, 144, and cited in 2 Jarman on Wills, (5 Am. Ed.), page 712, note 13:
*113 “First: If any member of a class attain twenty-one in the testator’s life time, the class,is fixed at the testator’s death (not including a child en ventre at the testator’s death).
“Second: If not, all born at the testator’s death and coming into existence before the eldest attain twenty-one, are admitted.”
“It has also been established,” says Jarman, lb., “That where the period of distribution is postponed until the attainment of a given age by the children, the gift will apply to those who are living at the death of the testator, and who come into existence before the first child attains that age, i. e., the period when the fund becomes distributable in respect to any one object, or member of the class. * * * Thus, where a legacy is given to the children, or to all the children of A, to be payable at the age of twenty-one, or to Z for life, and after his decease to the children of A, to be payable at twenty-one, and it happens that any child in the former case at the death of the testator, and in the latter at the death of Z,have attained twenty-one, so that this or her share would be immediately payable, no subsequently born child will take; but if at the period of such death no child should have attained the age of twenty-one, then all the children of A, who may subsequently come into existence before one shall have attained that age will be also included, (In short, whichever event happens last marks the period of distribution and for ascertaining the class).”
“The judicial disposition,” says Schouler on Wills,(2nd edition), section 530, “is to let in subsequent issue and near relations of a class as generously as possible where the terms of the will justify a distinction. That distinction is found when the aggregate fund to the class is not distributable at once, and the question who shall compose the class may conveniently be postponed; or, in general, where the total amount of the gift does not depend upon the number of participants admitted to share it. Hence the English rule, confirmed by many American precedents, that the devise or bequest of a corpus or aggregate fund for children as a class, where the gift is not immediate, vests in all the children in existence at the testator’s death, but so as to open and let in children who may come into existence after-wards at any time before the fund is distributable.”
*114 Ib. section 531, another rule of presumption in this connection is, that where an aggregate fund is given to children as a class, and the share of each child is made payable on attaining a given age, or on marriage, the period of distribution is the time when the first child takes his share and those born later are excluded: Whitbread v. Lord St. John, 10 Ves., 152; Clark v. Clark, 8 Sin., 59; Dawson v. Oliver Massey, 2 Ch. Div., 753; Hubbard v. Lloyd, 6 Cush., 522 s. c., 53 Am. Dec., 55; Handbarry v. Doolitle, 38 Ill., 202, Andrews v. Partington, 3 Brown Ch., 401.
In Kingrose v. Bramham, 2 Cox, 884, in speaking of the difference between an aggregate sum to a class and a specific sum to each individual of a class, where a gross sum of three hundred and fifty pounds sterling was given to children, to be paid to them in equal shares at twenty-one, the court said: “There was no inconvenience in postponing the vesting of those shares until some one of them attain that age, so as to let in the children born in the meantime, because there was nothing to do but set apart the sum of three hundred and fifty pounds sterling, and the residue of the testator’s personal estate might be immediately divided; for whether more or fewer children divided the three hundred and fifty pounds sterling, still they could have but three hundred and fifty pounds sterling amongst them. But here there are distinct legacies of fifty pounds sterling to each of the children, and therefore, if I am to let in all the children of these two persons born at any future time, I must postpone the distribution of the testator’s personal estate until the death of (the parents),for I can never divide the residue until I know how many legacies of fifty pounds sterling are payable.”
Recurring again to the eighth item of the will of Ada M. Bricker,the language is: “I give and bequeath to my sister Harriet E. Bricker, and my brother Joseph P. C. Bricker, each one-fourth of the residue of my estate; and to the children of my brother John T, Bricker, the remaining one-half of such residue; said bequest to the children of my brother, John ,T. Bricker,to be shared by them equally, and to be paid to them respectively as they arrive at the age of majority, the shares of said children to be kept at interest by my executor until so paid.”
*115 It would seem from the authorities that the period of distribution fixed by the testatrix is the majority of the oldest child of John T. Brieker. The gift .is a present one, but the time appointed for distribution, according to the authorities cited, would be the coming of age of the eldest child. This would fix the time for division, but the shares then to be ascertained are to be paid to the children respectively as they arrive at the age of majority, the shares to be kept at interest by the executor until so paid,
While, therefore, the three children living at the time of the death of the testatrix took vested interests, they were subject to open and let in any and all after born children of said John T. Brieker who should come into beng and answer the description when his eldest child arrived at its majority, As the record discloses three children of John T. Brieker, namely, William T,, Albert T., and Mary T. Brieker were living at the death of the testatrix; and said William T, became of age on the 19th of December, 1899, after the death jf said testatrix. Before William T. became of age, two other children were born to said John T, Brieker, and it is contended by counsel for the three first named that these last born children are not entitled to share in said legacy given to the children of said John T. Brieker.
The general rule for the construction of a will is, that the intention of the testator is to be collected not from any particular or detached clause of the will, but from the whole taken together, and the general intent is to be preferred to a particular one,
It is contended by counsel for the three children, who were living at the time the will was executed, and at the death of the testatrix, that the testatrix, by using the expression “said bequest to the children of my brother, John T, Brieker to be shared by them equally and to be paid to them respectively as they arrive at the age of majority, the shares of said children to be kept at interest by my executor until so paid”, intended that the three children then living alone were to receive the entire legacy, as there had to be a division, and the amount ascertained before it could be put at interest. In other words, that by the division and direction to put the shares at “interest until paid”, could not have contemplated that after born children were to share *116 in the legacy. But it will be observed that the shares of the children of John T. Bricker are to be paid to them, as they arrive at the age of majority, and the time for distribution under the authorities cited is when the oldest child becomes of age. This would fix the amount or division. The shares are not to be paid to the children at that time, but only when they arrive at age, furnishing a reason for the testatrix directing that the share of each child should be kept at interest until paid. The possession or enjoyment of the gift is postponed beyond the time when the eldest arrives at age, namely, when each of said children respectively attain his or her majority. •
A. Durbin Metz, for Plaintiff.
Mahlon Roue'h, for Defendant.
In Andrews v. Partington, 3 Brom Ch., 404, supra, Lord Thurlow, the Lord Chancellor said: “Where a time of payment was pointed out, as where a legacy is given to all the children of A when they shall attain twenty-one, it was too late to say that the time so pointed out shall not regulate among what children the distribution shall be made. It must be among the children in esse at the time the eldest attain such age.”
The general rule being then so well established, we hold that the two children born to John T. Bricker after the death of the testatrix, but before William T,, the eldest son, became of age, are entitled to share equally in the distribution of the legacy given to the children of John T. Bricker under the eighth item of the will of Ada M. Brick-er; that the division should be made as of the date that William T. became of age, and to be divided in five shares. William T, is entitled to receive the one-fifth on arriving at age, the shares of the other children are to be kept at interest by the executor until they respectively arrive at age, when each will be entitled to receive his or her share with its accumulated interest.
This is the decree of the court.