ANNA T. R. DAVIS

v.

SUZETTE SCOFIELD RIPLEY.

*Opinion filed February 21, 1902.*

| 194 | 399 |
|-----|-----|
| 201 | ¹296 |

| 194 | 399 |
|-----|-----|
| 202 | ¹245 |

1. WILLS—*courts favor a construction which gives estate of inheritance to first taker.* It is the disposition of the courts to adopt such a construction of a will as will give an estate of inheritance to the first donee.

2. SAME—*language of will construed as passing a fee simple title.* A will devising to the two daughters of the testatrix "and their children * * * all my real and personal estate," passes a title in fee simple under our statute, which vests in the two daughters, and if no children are born to them the will is inoperative as to "their children." (*Schaefer* v. *Schaefer*, 141 Ill. 337, distinguished.)

APPEAL from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

HARLOW A. LEEKLEY, for appellant.

RITSHER, MONTGOMERY & HART, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The only question to be determined in this case is, what estate did the appellant and the appellee take under the will of their mother? The will is as follows, omitting the legacies:

"I, Mary T. T. Ripley, being of sound mind, do give and bequeath to my two daughters, Anna Townsend and Suzette Scofield Ripley, and their children, subject to a charge of one-half of the income to be paid to my husband during his life, all my real and personal estate that I may die possessed of, subject to the following legacies."

Anna Townsend Ripley is now Anna T. R. Davis, the appellant. The father is dead, and all the legacies have been paid. The will was made and admitted to probate in the State of New York.

It is contended by appellant, and so stated in her bill, that the words, "I, Mary T. T. Ripley, * * * do give and bequeath to my two daughters, Anna Townsend and Suzette Scofield Ripley, and their children, * * * all my real and personal estate that I may die possessed of," vest in the daughters only a life estate in the lands in Illinois with remainder to the children of each, provided she shall die leaving children, but if she shall die leaving no children, then the share of such one would revert to the heirs of the testatrix. Neither of the parties has any children.

We are referred to *Schaefer* v. *Schaefer*, 141 Ill. 337, as controlling in this case. There the devise was to Libby Schaefer "in trust for her sole use and benefit, and of her children, and their children thereafter, but in the event that my daughter should die and leave no children as heirs," then over; and this court held that under the will Libby Schaefer took only a life estate, and that her children took a remainder in fee. She had three children living at the time of the death of the testatrix. It was evident from the whole will that only a life estate was intended to be given by the testatrix to her daughter.

The doctrine stated in *Wild's case*, 6 Coke, 16*b*, 17*a*, is also invoked, that a devise to one and his children, he having no children at the time of the devise, gives him an estate tail, which would become a life estate in the first taker under our statute. In *Wild's case* there was a devise to "Wild and his wife, and after their decease to their children," and it was resolved that according to the rules of the common law Wild and his wife took a life estate with remainder to their children for life, and not an estate tail, as had been contended. This was a result of the common law rule that words of inheritance are necessary to pass an estate of inheritance. In the discussion of the case it was said: "Then in the case at bar, forasmuch as by the judgment of the common law on the like words in a conveyance it would be but an estate

for life the remainder to their children for life, thence it follows that the intent and not the words of the devisor ought to make it an estate tail in this case. Then this intent ought to be manifest and certain and so expressed in the will, and in this case no such intent appears, * * * and therefore this difference was resolved for good law: that if A devises his lands to B and to his children or issues, and he hath not any issue at the time of the devise, that the same is an estate tail, for the intent of the devisor is manifest and certain that his children or issues should take, and as immediate devisees they cannot take because they are not *in rerum natura,* and by way of remainder they cannot take, for that was not his intent, for the gift was immediate; therefore there such words shall be taken as words of limitation, *scil.,* as much as children or issues of his body; * * * but if a man devises land to A and to his children or issue, and they then have issue of their bodies, there his express intent may take effect according to the rule of the common law, and no manifest and certain intent appears in the will to the contrary, and therefore in such case they shall have but a joint estate for life."

It will be seen that the decision in *Wild's case* was controlled by the rules of the common law in regard to life estates, and in the case first put, the judges enlarged what would be only a life estate at common law into an estate tail by construction. Under the common law the courts resorted to construction to give as large an estate as possible.

Words of inheritance are not now necessary in this State to carry a fee, our statute expressly providing that "every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construc-

tion or operation of law." (Rev. Stat. chap. 30, sec. 13.) It is not now necessary to resort to construction to give a larger estate than the strict rules of the common law would give. The statute gives the largest estate, unless the contrary appears. The rule announced in *Wild's case* was made to give a larger estate than a life estate by giving a fee tail. But our statute gives a fee simple where the common law gave only a life estate, and the rule in *Wild's case* is no longer necessary, for it would cut down the estate, and not enlarge it, as it was intended to do. There is no limitation of any sort in the will of Mrs. Ripley, and a less estate than a fee could only be given "by construction or operation of law." *Wild's case* is not applicable. The will gave title in fee simple under our statute, and as it took effect on the death of the testatrix the title vested in appellant and appellee, and no children having been born to them the will became inoperative as to "their children." It is the disposition of the courts to adopt such a construction as will give an estate of inheritance to the first donee. (*Leiter* v. *Sheppard*, 85 Ill. 242; *Giles* v. *Anslow*, 128 id. 187; *McFarland* v. *McFarland*, 177 id. 208.) It is unnecessary, if it were permissible, to read the word "children" as "heirs" to invoke the rule in *Shelley's case*, as the result would be the same.

Appellee demurred to the bill of appellant on the ground that it showed on its face that an estate in fee simple was given by the will, and there was no necessity for the appointment of a trustee to sell and invest the proceeds. The demurrer was sustained by the court below and the bill dismissed. The ruling was right, and the decree will be affirmed.          *Decree affirmed.*