MARIANNA V. REED et al. Appellees, vs. CHARLES WEL-
BORN, Appellant.

*Opinion filed February 23, 1912.*

1. WILLS—*courts prefer construction which gives estate of in-
heritance to first donee.* Courts will so construe a will, if possible,
as to give an estate of inheritance to the first donee, and it will be
presumed that the testator intended by his will to dispose of all
his estate and leave no intestate property.

2. SAME—*under the statute, words of inheritance are not nec-
essary to create a fee.* Under the statute it is not now necessary
in Illinois, as it was at common law, to use words of inheritance
to create a fee, and the statute gives a fee unless contrary appears.

3. SAME—*devise to testator's daughter "and her children" held
to create a fee in the daughter.* A devise of real estate to the tes-
tator's wife for life and at her death to the testator's daughter
"and her children," and if the wife outlives the daughter and the
latter "shall have no children" then the property to descend to the
testator's next of kin upon the wife's death, is intended to create
a life estate in the wife with remainder in fee to the daughter and
her children as tenants in common, if she had a child or children
at the time of the testator's death, but to give the daughter the fee,
subject to the life estate of the wife, if the daughter had no child
at the testator's death. (*Davis* v. *Ripley,* 194 Ill. 399, followed.)

APPEAL from the Circuit Court of Henderson county;
the Hon. R. J. GRIER, Judge, presiding.

O'HARRA, O'HARRA, WOOD & WALKER, and CHARLES
A. JAMES, for appellant.

SAFFORD & GRAHAM, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of
Henderson county by Marianna V. Reed and George M.
Reed, her husband, against Charles Welborn, to enforce the
specific performance of a contract for the sale of the east
half of the south-east quarter of section 12, in township 8,
north, range 4, west of the fifth principal meridian, in

the county of Henderson and State of Illinois, whereby Charles Welborn agreed to purchase said premises from Marianna V. Reed for the sum of $14,500. An answer and replication were filed and a decree was entered in accordance with the prayer of the bill, and Charles Welborn has prosecuted an appeal to this court to reverse said decree.

Marianna V. Reed derived title to said premises by virtue of the provisions of her father's will, which, so far as it affects the title to said land, reads as follows: "I give * * * to my wife, Jane A. Voorhees, * * * all of the east half of the south-east quarter of section twelve (12), in township eight (8), north, range four (4), west of the fifth principal meridian, in the county of Henderson and State of Illinois, * * * and it is my wish that she remain in full possession of said premises * * * during her life * * * and at her death to go to my only child, Marianna Voorhees, and her children, and further provide that if my wife, Jane A. Voorhees, shall outlive my daughter, Marianna, and Marianna shall have no children, then at the death of my wife, Jane A. Voorhees, to descend to my next nearest of kin." The will was admitted to probate. Jane A. Voorhees died prior to the date of the contract and Marianna Voorhees married George M. Reed subsequent to the date of the will, and at the time the bill was filed Marianna V. Reed had no children. It was stipulated on the trial that the sole question to be determined by the court was, did the absolute title to said premises vest in Marianna V. Reed upon the death of her father, subject to the life estate of her mother, Jane A. Voorhees? It was the contention of the appellees that upon the probate of the will of Abram S. Voorhees and death of Jane A. Voorhees the title to said premises in fee vested in Marianna V. Reed, who had no child or children at the time of her father's death; while it was contended by appellant that Marianna V. Reed took only a life estate in said premises, and the fee would vest in her child or children should a child or

children be born to her either prior to or subsequent to the death of her father, or that upon the birth of a child or children to her at any time, Marianna V. Reed and said child or children, upon the death of Jane A. Voorhees, would become seized in fee, as tenants in common, of said premises, and that for the purposes of this case it could make no difference whether Marianna V. Reed was seized of a life estate or in fee of a part of said premises, as in either event, it is urged, she was not in a position to convey in fee simple said premises to Charles Welborn, hence she was not entitled to a decree for the specific performance of the said contract as against Charles Welborn. The chancellor adopted the view of the appellees, and a decree was entered on the theory that Marianna V. Reed was the owner of the premises in fee simple.

The law is well settled in this State that the courts will so construe a will, if possible, as to give an estate of inheritance to the first donee; (*Leiter* v. *Sheppard,* 85 Ill. 242; *Giles* v. *Anslow,* 128 id. 187; *McFarland* v. *McFarland,* 177 id. 208;) that it will be presumed that a testator intends by his will to dispose of all his estate and leave no intestate property; (*Higgins* v. *Dwen,* 100 Ill. 554; *Hayward* v. *Loper,* 147 id. 41; *Biggerstaff* v. *VanPelt,* 207 id. 611;) and that it is not now necessary in this State to use words of inheritance, as was the case at common law, to create a fee, but the statute gives the largest estate,—that is, a fee,—unless the contrary appears. (*Davis* v. *Ripley,* 194 Ill. 399; *Boehm* v. *Baldwin,* 221 id. 59.) We think it plain, in view of these well settled rules of construction, it must be held that Abram S. Voorhees intended to give his widow, Jane A. Voorhees, the use of said premises during her natural life,—that is, to create in her a life estate,— and to give the fee to his daughter, Marianna, and her children, if she survived her mother and had a child or children;—that is, he intended his daughter and her child or children should have the remainder as tenants in common

if she had a child or children, but if she did not have a child or children she should take the entire estate in fee, subject to a life estate in her mother, and that in case Marianna should not survive her mother and should die childless the estate should go to his next of kin, and as the daughter survived her mother but was childless at the death of her father, she took, by virtue of the terms of her father's will, the fee title to the said premises and was in a position to convey a fee to Charles Welborn, and was therefore entitled to have said contract of sale specifically performed.

The case of *Davis* v. *Ripley, supra,* is, in principle, on all-fours with this case. There the testator gave to his two daughters and their children all his real and personal estate, and at the time the litigation was commenced (which was a bill for the appointment of a trustee) neither of the daughters had a child or children, and the court in a well considered opinion held that the fee to the testator's real estate vested in his daughters on the death of the testator, and no children having been born to them, or either of them, prior to the death of their father, the will became inoperative as to their children and the fee vested in the daughters.

In *Boehm* v. *Baldwin, supra,* the testator devised certain real estate to his son and his children. The son died childless, and in a suit for the partition of the land which had been devised to the son, the court, in the course of the opinion, states the question to be decided thus: "The question to be determined is whether the estate of Elias V. Baldwin was reduced to a life estate by the fact that he had no children to take the estate jointly with him, as tenants in common, when the estate vested and that none were born subsequently." The court then proceeds to answer the question which it had propounded, as follows: "The intention manifested by the will was to give the land in fee simple to Elias V. Baldwin, but in the event that he should

have children by his wife they should be tenants in common in fee with him, and unless the devise must be controlled by our statute, which turns a fee tail into a life estate in the devisee with remainder in fee to the person or persons to whom the estate tail would on the death of the devisee first pass, Elias V. Baldwin must be held to have been the owner in fee simple." The court then refers to the *Davis case,* and says: "In the case of *Davis* v. *Ripley,* 194 Ill. 399, where there was a devise to the two daughters of the testatrix and their children, we considered the question whether the rule in *Wild's case,* 6 Coke, 17, was applicable to the devise in view of our statute which gives a fee unless the contrary appears, and whether there is now anything upon which that rule can operate. The rule was intended to enlarge the estate by construction and not to cut it down, and we concluded that the rule cannot be applied under our statute, which now gives the largest estate possible. It was held that the will devised a fee simple under our statute, and as it took effect on the death of the testatrix, the fee simple title vested in the devisees at that time, and no children having been born to them, the will became inoperative as to their children. We are satisfied with the correctness of that decision, and it must control in this case."

We are of the opinion that on the death of the testator, Marianna V. Reed having no children, the premises in question vested in fee in her, subject to the life estate of her mother, and that, her mother having died before the contract was executed, Marianna V. Reed held the fee title to said premises, and that the trial court did not err in entering a decree for the specific performance of said contract.

The decree of the circuit court will be affirmed.

*Decree affirmed.*