(No. 11451.—Decree affirmed.)

WALTER H. WAY, Appellee, *vs.* CONRAD GEISS, Appellant.

*Opinion filed October 23, 1917.*

1. WILLS—*testator may fix time when members of a class are to be ascertained.* The testator may fix the time when the members of a class are to be ascertained at a period other than his death, provided it is not so remote as to violate the rule against perpetuities.

2. SAME—*when gift will embrace children born after death of testator.* If the testator fixes the time when members of a class are to be ascertained at a time subsequent to his death, such as by a devise to a certain person and his children if living at the death of the life tenant, children born after the death of the testator and before the death of the life tenant are members of the class but not those born after the life tenant's death.

3. SAME—*when father and child become tenants in common of land devised.* A devise of a life estate to the testator's widow and "after her death" to a named son of the testator "and his children," but if he be dead leaving no issue then to the children then living of another named son, is to a class to be ascertained at the death of the life tenant, and if at such time the first named son is living and has a living child, the two become tenants in common of the land. (*Davis* v. *Ripley,* 194 Ill. 399, *Boehm* v. *Baldwin,* 221 id. 59, and *Reed* v. *Welborn,* 253 id. 338, distinguished.)

APPEAL from the Circuit Court of Cass county; the Hon. GUY R. WILLIAMS, Judge, presiding.

CHARLES Æ. MARTIN, for appellant.

A. A. LEEPER, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee, Walter H. Way, filed his bill in the circuit court of Cass county against appellant, Conrad Geiss, for the partition of eighty acres of land in said county. Complainant claimed to be the owner in fee of the undivided one-half of the land described. A decree was granted as prayed, and this appeal followed.

The question here involved is the construction of the will under which appellee claims title to the land.

John H. Way, grandfather of appellee, died testate in Cass county in 1886, seized of the land involved in this proceeding. He left surviving him a widow, Amanda J. Way, and Charles H. Way, John F. Way, Marion F. Way, Harvey D. Way and Fannie Showalter, his children. By his will testator gave his personal property to his wife absolutely, and devised his real estate to his wife for life or as long as she remained his widow, with power to sell and convey the same. The will then provided: "After her death or re-marriage I give, devise and bequeath all said real estate, or the proceeds thereof, to my son Harvey D. Way and his children, but if he be dead leaving no issue, then I give, devise and bequeath said real estate, or its proceeds if sold, to the children of my son John Frank Way then living, share and share alike." Harvey D. Way was nineteen years old at the death of his father and unmarried. He subsequently married, and appellee was born in 1895. In June, 1898, Amanda J. Way, the widow, died, never having re-married. In August, 1899, Harvey D. Way conveyed the eighty acres of land in question to appellant, who has been in possession since January 1, 1900.

The construction of the paragraph of the will before set out is the sole question involved. Appellant contends

that the devise to Harvey D. Way and his children took effect immediately upon the death of the testator, and Harvey D. Way then having no child or children, he took the fee as sole owner.

The cardinal rule in the construction of wills is to give effect to the intention of the testator where such intention is not contrary to law or public policy. Here the devise was of a life estate to the testator's widow, and "after her death * * * to my son Harvey D. Way and his children, but if he be dead leaving no issue," to the children then living of another son, share and share alike. The estate devised the son and his children was not immediate but was to take effect upon the termination of the life estate. If the widow did not re-marry or sell the land, at her death it was to vest in possession in the son Harvey D. Way and his children, if he then had a child or children. The language used precludes the construction contended for by appellant, that the estate devised was to take effect at the death of the testator, and if the son then had no child or children he became seized in fee of the entire interest. The language of the will is plain that the devise to the son Harvey D. Way and his children was "after the death or re-marriage" of the widow, "but if he be [then] dead,"—that is, if the son died before the termination of the life estate, leaving no children,—the land was to go to the children of testator's son John F. Way living at that time. If the testator intended the devise to take effect and vest in interest in Harvey D. Way and his children at the death of the widow, no rule of law would be violated in giving effect to such intention. The language used plainly indicates that such was his intention. The testator first created a particular estate to intervene between his death and the period for distribution of the remainder. The devise to the children of Harvey D. Way was to a class, and the persons belonging to that class were to be ascertained at the termination of the particular estate. (*Handberry* v. *Doolittle,*

38 Ill. 202; *Schuknecht* v. *Schultz*, 212 id. 43; *Quinlan* v. *Wickman*, 233 id. 39; Page on Wills, sec. 548.) If, when that time arrived, Harvey D. Way was dead, leaving no child or children, the devise over was to take effect. To give the will the construction contended for by appellant, that Harvey D. Way took an estate in fee simple at the death of his father, would defeat the plainly expressed intention of the testator, which was that if Harvey D. Way died before the termination of the life estate in the widow, leaving no child or children, the land was to go to the children of testator's son John F. Way then living.

Much reliance is placed by appellant upon *Davis* v. *Ripley*, 194 Ill. 399, *Boehm* v. *Baldwin*, 221 id. 59, and *Reed* v. *Welborn*, 253 id. 338. In the two first named cases there was no estate intervening between the death of the testator and the period of distribution. The devise in *Davis* v. *Ripley, supra,* was to the testatrix's two daughters "and their children," subject to a charge of the payment of one-half the income from the land to testatrix's husband during his life. The devise was direct to the daughters and their children, and was intended to, and this court held did, take effect in interest and possession at the death of testatrix. As neither of the daughters had children, it was held the fee simple title vested in the daughters at the death of testatrix, and the will became inoperative as to their children.

In *Boehm* v. *Baldwin, supra,* Benjamin Baldwin devised land to his son, Elias V. Baldwin, "and his children, provided he should have children by his wife." If he and his wife had no children and the wife survived her husband she was to have one-third of the proceeds of the land so long as she remained his widow. There was no devise over in the event of the son and his wife having no children. The son died without their having had any children. After his death the heirs of the testator, Benjamin Baldwin, claimed that the son, Elias V. Baldwin, having had no children, was at his death the owner of a life estate, only, in

the land and that the heirs of Benjamin Baldwin succeeded to the title in fee. In that case there was no particular estate intervening between the death of the testator and the time when the devise to the son and his children was to take effect, and there was no devise over in the event the son had no children. The court applied the rule that the presumption of law is that where a man dies testate he intended by his will to dispose of all his property and leave none to go as intestate estate, and said that presumption was strengthened by a definite statement at the conclusion of the will that the testator had by that instrument disposed of all his property, both real and personal. It was held, there being no limitation over on failure of issue, it would be against the presumption of law and the intention of the testator to hold that the reversion was undisposed of and would go as intestate estate.

In *Reed* v. *Welborn, supra,* the devise was to the testator's widow for life and at her death to his only daughter and her children, but if the daughter had no children and died before the death of the widow then the land was to go to the testator's nearest of kin. The daughter married after the testator's death and survived the widow but had no children. She made a contract after the widow's death to sell the land to Welborn. He refused to perform the agreement because he claimed the daughter had only a life estate in the land, and the daughter filed a bill for specific performance. This court held the daughter was the owner in fee. The will differed from the wills construed in *Davis* v. *Ripley, supra,* and *Boehm* v. *Baldwin, supra,* in that a particular estate preceded the devise to the daughter and her children, and the conclusion that, there being no children of the daughter when the time for distribution arrived, she took an estate in fee was in harmony with the authorities.

The devise to the children of Harvey D. Way was to a class. When a devise is to a class and nothing in the

will shows a contrary intention, the members of the class will be determined upon at the death of the testator and the persons answering the description at that time will be included. The testator may by his will, expressly or by necessary implication, fix the time when the members of the class are to be ascertained at a period other than at his death, if the time fixed is not so remote as to violate the rule against perpetuities. The wish of the testator with reference to the time when the members of the class will be determined will be given effect when not contrary to law. (Thompson on Wills, sec. 192.) An immediate gift to a class of persons takes effect in favor of those who constitute the class at the death of the testator unless a contrary intention is found in the will, but where a particular estate is carved out, with a gift thereupon to a class, such as to the children of the person to whom the particular estate is devised or the children of any other person, the gift will embrace not only those living at the death of the testator but also those who may come into existence down to the time of distribution. Children coming into existence after that time would not be included. Bigelow on Wills, 284, 285; *Handberry* v. *Doolittle, supra.*

In *Reed* v. *Welborn, supra,* if the daughter had had children at the termination of the widow's life estate they would have taken as tenants in common with their mother, but when that event occurred and the time for distribution arrived there were no children to take. The devise to the children of the daughter became inoperative and the daughter was vested with a fee simple estate. (*Davis* v. *Ripley, supra.*) Here, however, before the particular estate terminated and the period of distribution arrived Harvey D. Way married and had one child, appellee. Both appellee and his father were living at the termination of the particular estate. There were no other children of Harvey D. Way then in existence, and appellee became seized, as tenant in common with his father, of the undivided one-half of the

land. It follows that the deed to appellant from Harvey D. Way conveyed to the grantee only the title and interest of the grantor, which was the undivided one-half.

The decree of the circuit court is affirmed.

*Decree affirmed.*