(No. 14893.—Reversed and remanded.)
Roland G. Bookless, Appellant, *vs.* Jane Charnoch *et al.*
Appellees.

*Opinion filed April 18, 1923.*

1. Wills—*words of inheritance are not necessary to create fee.*
Under section 13 of the Conveyance act words of inheritance are
not necessary to create a fee.

2. Same—*first taker will be given a fee simple estate, if pos-
sible.* A doubtful provision in a will will be construed, if possible,
so as to give a fee simple estate or an estate of inheritance to the
first devisee, especially if he is an heir.

3. Same—*construction disposing of all the testator's property is
favored.* That construction of a will is favored which disposes
of the entire property of the testator, if consistent with the rules
of law.

4. Same—*when devise to an heir will be construed to give fee
simple.* Where a testatrix devises all her property to her only
child, with a provision that her husband shall have a life interest
in the income, and with a further provision that in the event of
the devisee's death without issue the property shall go to the heirs
of a nephew of the testatrix, subject to the payment of the income
to the husband, the devise over will be construed as taking effect
only in the event of the death of the first devisee without issue
prior to the death of the husband, and the first devisee having
survived the husband is the owner of the property in fee simple.

Appeal from the Circuit Court of Champaign county;
the Hon. Franklin H. Boggs, Judge, presiding.

Dobbins & Dobbins, and F. T. Carson, for appellant.

Joseph P. Gulick, guardian *ad litem,* for appellee
Sarah M. Busey.

Mr. Justice Carter delivered the opinion of the court:

Appellant, by his guardian, filed a bill March 15, 1922,
seeking a construction of the will of his mother, Jemima
Bookless, and asking to have his title quieted as against cer-
tain errors and by reason of legal irregularities alleged to

have occurred in the probating of the will. Certain defendants answered and others were defaulted. The master in chancery to whom the matter was referred reported, recommending that the will should be construed as prayed for in the bill and that the title be quieted in certain particulars. The trial court followed the recommendation of the master as to quieting title but sustained exceptions to his report upon the main point here in controversy and taxed costs against appellant. Thereupon this appeal was prayed.

The will of Jemima Bookless provided in part:

"*Second*—I give and bequeath all my real and personal estate that I shall be possessed of at the time of my death, to my son, Roland Bookless, subject to the conditions hereinafter set forth.

"*Third*—I direct that my son, Roland Bookless, shall pay one-half of the net income of my real and personal estate to my husband, Edward M. Bookless,—that is, the net income after payment of taxes, insurance and maintenance of my real estate,—and to continue so long as my said son shall remain unmarried, intending hereby that my said son shall pay to the said Edward M. Bookless one-half of the net income of my real estate after paying the insurance, taxes and maintenance of my real estate so long as my said son shall remain unmarried, and in the event that my said son, Roland Bookless, shall marry and have the care of a family, then I direct that my said son, from and after the date of his marriage, shall pay to his said father, Edward M. Bookless, only one-third of the net income of my real and personal property.

"*Fourth*—If my said son, Roland Bookless, shall die before my husband, E. M. Bookless, and without living issue of his body, then I direct that my said husband, Edward M. Bookless, shall, from and after the death of my said son, Roland Bookless, receive the income from my real and personal estate and continue so long as he shall live. I further direct that my said husband, Edward M. Bookless,

shall not incumber or mortgage in any manner and form his interest that he shall take under this will, intending hereby that my said husband, Edward M. Bookless, take no part in the fee of my real estate and shall receive the income only so long as he shall live; and I direct that my husband shall keep the insurance paid, pay the taxes and keep the premises up in as good condition as they are at the time of the death of my said son, Roland Bookless.

"*Fifth*—In the event of my son, Roland Bookless, dying without living issue of his body, then in that event I give and bequeath all my real and personal property then remaining to the heirs of my nephew, Harold Busey, this bequest to take effect after the death of my said husband, Edward M. Bookless, intending by this bequest that my said husband, Edward M. Bookless, shall enjoy the use and profit of my real estate during his life, after the death of my said son, Roland Bookless, and this bequest not to negative any of the provisions or bequests in sections 2, 3 and 4 of this will, and not to interfere with the provisions in section 2 of this will in the event that my said husband shall die before my son, Roland Bookless.

"*Sixth*—I direct that my said son, Roland Bookless, shall not sell, mortgage or incumber any portion of my real estate that he shall take under this will until he arrives at the age of thirty years, and also after the death of my mother, Jane Chornoc."

The husband, son and a sister of the testatrix were appointed executors. At the time of her death, May 5, 1917, the testatrix left farm lands in Champaign county of about 248 acres, including a farm of 160 acres which she inherited from her father, and which farm had an annuity charge of $300 annually against it in favor of the appellant's grandmother, Jane Charnoch, during her life. Appellant was the testatrix's only child and did not marry prior to the death of his father, Edward M. Bookless, which occurred in 1919. He paid his father from time to time one-half the income

from his mother's estate, as provided by the provisions of the will, and has been in possession of the land since her death. Harold Busey, the nephew mentioned in the will, was living at the time these proceedings were instituted and had one living child, Sarah M. Busey, about eight years old at the time of the hearing. At the time of testatrix's death, appellant and his father, his grandmother, Jane Charnoch, and William H. Karcher and Eunice K. Newton, respectively the grandmother, uncle and cousin of Harold Busey, were living and claimed a contingent interest under the will, and all of them were living at the time of this hearing except the father. From these facts it will be seen that the third clause of the will has been carried out and that the fourth clause has become nugatory by reason of the death of Edward M. Bookless during appellant's lifetime, and that the only function of these clauses now, in this consideration, is to throw light on the other provisions.

The master in chancery and chancellor found that section 6 of the will was invalid, and no question is made as to that finding by counsel. The master found that by the proper construction of the will appellant was entitled to a fee simple title in the entire property, and that none of the other parties, the father being deceased, had any interest of any nature under the will. The chancellor in his decree found that appellant had only a base or determinable fee in the land, and that Sarah M. Busey, the only child of Harold Busey, and any other children that might be born to Busey and survive appellant, had a contingent fee in the remainder of all the property under the provisions of the will, which would vest in the event of their surviving appellant and his dying "without living issue of his body."

It is the contention of counsel for appellant that the finding of the master was correct that appellant has a fee simple interest in the land conveyed by the will, and that the other parties litigant, Sarah M. Busey, her father, the Karchers, and the grandmother, Jane Charnoch, had no in-

terest in the land under the will, except that it is admitted that Jane Charnoch has an annuity in the 160 acres of this land which the testatrix inherited from her father.

It will be noted that the will does not in terms convey a fee simple interest in the land to appellant. However, under section 13 of the Conveyance act of this State it is stated that "every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law." (1 Hurd's Stat. 1921, p. 754.) Since this statute was enacted this court has frequently held that words of inheritance are not necessary to create a fee. (*Reed* v. *Welborn,* 253 Ill. 338; *Leiter* v. *Sheppard,* 85 id. 242; *Turner* v. *Hause,* 199 id. 464; *Bohn* v. *Irvington,* 303 id. 82.) It is clear, therefore, that under this statute section 2 of the will, unless there are other provisions that clearly provide otherwise, was intended to convey a fee simple title to appellant. The second section of the will is a general devise to the son, "subject to the conditions hereinafter set forth." The third, fourth and fifth sections show a clear intention that the husband should have only a life interest in part or all of the net income of the estate, depending upon whether the son remained single, or married, or died before his father. The third and fourth sections relate exclusively to the distribution of the net assets between appellant and his father under the different circumstances. This leaves for consideration the proper construction that should be given to sections 2 and 5 of the will, considered in connection with the other provisions.

The conditions as to the disposition of the life interest or net income to the father, to which the fee and the devise mentioned in section 2 were subject, in our judgment are clear and need no construction. Section 5 purports to

be a disposition of the estate in the event of appellant's death without living issue, and also provides that "this bequest to take effect after the death of my said husband," clearly intending that the father should enjoy the use of the net income as long as he lived, regardless of his son's death, and also stating that "this bequest not to negative any of the provisions or bequests in sections 2, 3 and 4 of this will, and not to interfere with the provisions in section 2 of this will in the event that my said husband shall die before my son." It would appear manifest from a reading of the last part of section 5 that this was not to be one of the conditions mentioned in section 2 except in case of the son's death before the father and was not intended to negative the provisions mentioned in section 2, and it is argued by counsel for appellant that this provision of section 5 was not an exception to section 2 and the other sections of the will, but was intended to cover a contingency not elsewhere provided for in the will, namely, the disposition of the estate if the son should die before the father.

In our judgment there can be no question but that the testatrix wished to provide for her son under all circumstances, and also for the issue born of his body that should be living at the time of his death. Taken in connection with the rest of the will, it would seem clear that under the last provisions of section 5 it was intended to continue in force the provisions of section 2, regardless of the son leaving or not leaving issue, if the husband died before the son. It was not only the intention of testatrix by section 5 that the remainder should not go to the heirs (or children) of Harold Busey, if it did at all under the will, until the death of the son without living issue, but that the time for the vesting of the remainder should be postponed until the death of the father if he outlived the son. There are no words in any other place in the will as to the contingency upon which the heirs or children of Busey were to have a fee. Section 2, construed under section 13 of the Convey-

ance act, clearly intended that the son should have a fee simple estate subject to the conditions thereafter named. There are other provisions of the will which indicate that the testatrix intended the son to have a fee in the land. The sixth section provides that he is not to sell, mortgage or incumber any portion of the real estate that he should take under the will until he arrives at the age of thirty years, and also after the death of Jane Charnoch, mother of the testatrix. There is no reference anywhere in the will to any power given to appellant to sell or incumber any less estate than the fee. In section 4 the testatrix made a similar provision as to her husband selling or incumbering, but the will does not indicate that she intended him to have a fee in the estate but simply a life interest. Taking the entire will together, it seems manifest that she intended to give a fee simple title to the son under certain conditions but not a fee to the father of appellant. It is manifest from the entire will, although, perhaps, it might have been worded more clearly in some of its provisions, that it was the intention of the testatrix to provide for the son as well as his issue living at the time of his death, under all circumstances. Her intention was equally clear that her husband was to take a life interest in part or all of the net income under all circumstances but no part of the fee under any circumstances. In some provisions of the will it seems clear that the testatrix intended the word "bequest" to mean "devise" as well as "bequest," and whether the word "heirs" was used as meaning "children" in the clause referring to Harold Busey does not especially assist in determining whether the provisions of section 5 were limitations upon appellant's title which were to be of no effect if the father died prior to appellant's death. The conditions providing for the father receiving a part or all of the net income were such conditions as are clearly shown to be attached to section 2 and not to be disregarded under any circumstances. If the provision which would give to the Busey heirs or

children all the property was not to interfere with the provision which gave the property to appellant if he survived the father, the only time it could interfere with that provision was in case the son died first, and as the record shows that the son outlived his father, that provision as to the son dying first has become inoperative. If the Busey heirs (or children) were to take the property upon appellant's death, having only the enjoyment and possession of the estate postponed until the father's death, then would not that provision negative and interfere with section 2? The only way that the second section can be kept operative as being of any force if the son survive the husband, is to hold that he shall take "all my real and personal estate that I shall be possessed of," subject to conditions. Then, if the contingency under which the Busey children were to take was also a condition but held to be one which would not interfere with or negative section 2 if the son survived the father, it was only intended to be a condition in its entirety, and which could only become operative, as it expressly stated, if the husband survived the son. Such a construction is consistent with the rule of law that if a will is doubtful it will be construed, if possible, so as to give the first taker a fee simple estate. (*Reed* v. *Welborn, supra; Romer* v. *Romer,* 300 Ill. 335; *Williamson* v. *Carnes,* 284 id. 521.) It is also consistent with the rule of law that the construction of a will is favored which will give an estate of inheritance to the first devisee, especially if he is an heir. (*Straw* v. *Barnes,* 250 Ill. 481; *Dollander* v. *Dhaemers,* 297 id. 274.) . It is also in harmony with the rule of law that a construction is favored which disposes of the entire property of the testator if consistent with the rules of law. *Walker* v. *Walker,* 283 Ill. 11.

If sections 2 and 5 are construed in the light of the surrounding circumstances, together with the whole will, in our judgment it must be held that the finding of the master in chancery gave the correct construction to the will as to the

interests of appellant and appellees, and the decree of the circuit court was wrong in holding that the appellant took only a base or determinable fee. Under the will it should have been held that the appellant has title to the entire estate, real and personal, of his mother.

There appears to be no question that the part of the decree quieting title was correct.

The decree of the circuit court finding that appellant has only a base or determinable fee in the premises must be reversed and the cause remanded, with directions to enter a decree in accordance with the conclusions herein stated.

*Reversed and remanded, with directions.*