[L. A. No. 12961. In Bank.—March 24, 1933.]

ANNA J. SMITH, Appellant, v. TEXANNA HUSTON WOOD et al., Respondents.

S. S. Hahn, M. C. Spicer and W. O. Graf for Appellant.

Stearns, Luce & Forward and Albert J. Lee for Respondents.

LANGDON, J.—This is an appeal by plaintiff from a judgment of the Superior Court of Orange County in favor of defendants in an action for an accounting and other equitable relief.

On March 2, 1885, at Warren County, Illinois, Mary B. Huston made her will. She was apparently a widow. Among her near relatives were one child, defendant Texanna Huston Wood, then unmarried; a sister, Ellen A. Penny, now deceased; and the children of Ellen A. Penny. The testatrix died in June, 1908, defendant daughter, who was still single, being appointed executrix. In October, 1910, she married Allen D. Wood, and lived with him until his death on March 2, 1930. No children were born of said marriage.

The will of Mary B. Huston was admitted to probate in Warren County on July 6, 1908. By it the deceased gave real and personal property in Illinois to her daughter, de-

fendant Texanna Huston. On October 18, 1909, the court made and entered an order reciting that the final account had been filed, due notice given and no objections made thereto; that Texanna Huston had tendered her receipt for all of the property as legatee and devisee, and concluded as follows: " . . . it is therefore ordered that this her final report be approved and that she be discharged as Executrix of the Last Will and Testament of Mary B. Huston, deceased, and that the administration of said estate be closed." No appeal or other contest of said order was made until this action was commenced.

Upon her marriage to Allen D. Wood, defendant Texanna B. Huston transferred to him all the real and personal property distributed to her under said will. By his will, he devised and bequeathed it to defendant bank, in trust for his wife and son (issue of a prior marriage), and provided that upon his wife's death a fund of $11,000 should be retained in the trust and the net income therefrom paid to his son for life. It was further provided in said will that upon termination of the trust the *corpus* should be distributed to various relatives of the testator and his wife, including plaintiff.

The claim of plaintiff is that the will, of Mary B. Huston gave her daughter—defendant Texanna Huston Wood—only a life estate in the property, and that she held the same in trust for the heirs of Ellen C. Penny, of whom plaintiff seems to be the sole survivor. It would follow from this that Allen D. Wood had no power to dispose of the property by will, and the court is asked to set the transfer aside, decree a life estate in defendant Texanna Huston Wood, and further decree that in the event of her death without issue, plaintiff is entitled to share in the estate. The lower court sustained a general demurrer to the complaint and thereafter rendered judgment for the defendants. We are of the opinion that this judgment must be sustained upon either of two grounds.

First, the County Court of Illinois, by the order referred to above, obviously intended to and did make final distribution of the estate, and having fully distributed the same to Texanna Huston, without limitation, the courts of this state have no power to disregard the decree and impose a trust upon the interests decreed, in the absence of a show-

ing of extrinsic fraud or mistake. ██ But assuming that the construction of the provisions of said will was still a matter within the jurisdiction of the lower court, a reading of the significant clauses justifies the conclusion that the whole estate in fee went to the defendant daughter. The will provides:

"Second: I give and bequeath and devise to my beloved daughter Texanna B. Huston, all of my real estate situated in Warren and Henderson Counties and State of Illinois. Also all money loaned, jewelry, silverware, household goods, and any other personal property or real estate of which I may be possessed at the time of my death, *to her, and her heirs, forever* . . . " (Italics ours.)

"Third. But should my daughter Texanna B. Huston, *die without issue,* I give, bequeath and devise my entire estate both real and personal, to my sister Ellen A. Penny of Henderson County of State of Ills., and her heirs, forever except that her daughter Fanny Penny shall receive my piano, more than either of her other heirs, and her son Percy Penny, five hundred dollars more, provided always he be a steady and honorable boy; if not he shall not receive more than the others." (Italics ours.)

A clear intention appears in the second paragraph of the will to give Texanna B. Huston an estate in fee simple, and such is the interest she took unless the subsequent provisions of the third paragraph operated to cut it down. ██ A construction which will give an estate of inheritance to the first devisee is favored (*Bookless* v. *Charnoch,* 307 Ill. 578 [139 N. E. 15]) ; and an estate of inheritance given by the terms of a will can be cut down to a life estate only by other subsequent provisions found in the will which express the intention to do so in clear and unambiguous language. (*Kohtz* v. *Eldred,* 200 Ill. 60 [69 N. E. 900].) In the instant case, there is no such expression of intention. The third paragraph seems to contemplate no more than a disposition to the sister of the testatrix, in the event that the daughter of the testatrix predecease her, leaving no issue. As the court said in *Estate of Hamon,* 60 Cal. App. 154 [212 Pac. 399, 402] : "The most that can be said of the clause in the other section involved is that it creates an uncertainty as to whether the testator intended the words 'dies without issue' to refer to death before the testator

. . . or to death at any time. To hold that it means death at any time would place a higher value on uncertainty than upon certainty as a goal in interpretation."

This was no doubt the view taken by the Illinois County Court when it decreed distribution of the estate to Texanna B. Huston, without limitation. We see no reason to disturb either this determination or that of the lower court herein.

The judgment is affirmed.

Preston, J., Thompson, J., Shenk, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.