[Civ. No. 11465. Second Appellate District, Division Two.—May 26, 1937.]

In the Matter of the Estate of JOSIE W. ZEIGER, Deceased. BERTILLE ZEIGER, Appellant, v. MYRON W. SILVERTON, Petitioner; ROBERT LELAND SHEWARD et al., Respondents.

William Kay Crawford for Appellant.

Hunsaker, Moote & Longcroft and Lloyd E. Keiser for Respondents.

CRAIL, P. J.—This case was transferred by the Supreme Court to this court for decision along with several other probate cases. In the trial court Commissioner J. W. Mullin, Jr., who is one of the assistant judges in the Probate Court of Los Angeles County, presided as judge *pro tempore*. The appeal is from a decree construing the will of the testator.

The part of the will to be construed when boiled down reads as follows: "I hereby give in fee to my nephews, Louis Zeiger, Robert Sheward and Norman Sheward, the residue of my estate, provided that if said Louis Zeiger should die leaving no children surviving him then, in that event, his said bequest shall go in equal proportions to [others]." Louis Zeiger died after the death of the testator but before the distribution of the estate, leaving no children surviving him. The decree from which the appeal is taken distributed his portion to those persons named as devisees in case he died childless.

The sole question necessary for determination is: Should the Louis Zeiger portion have been distributed to the widow of Louis Zeiger? If so, the judgment should be reversed; if not, it should be affirmed.

Appellant contends that the first part of the sentence which we have quoted from the will shows a clear and distinct intention to give to Louis Zeiger an estate in fee simple, and that this devise cannot be cut down unless there later appears in the will an intention expressed in equally clear and distinct words to cut it down, citing Civil Code, section 1322, and *Smith* v. *Wood*, 217 Cal. 541, 544 [20 Pac. (2d) 48].

The defect in the appellant's point is that in order to get the so-called clear and distinct intention to give an estate in fee simple it is necessary for him to strike down his sentence in the middle and use only the first portion of it, ignoring

that part of it which qualifies the portion upon which he relies. Such violence does not lend itself to a fair and reasonable construction of the will. The very sentence upon which the appellant relies for an unqualified estate in fee contains language making the devise provisional, i. e., "provided that if said Louis Zeiger should die leaving no children surviving him then, in that event, his said bequest shall go" to others. The language of the sentence is clear and distinct enough, especially that part of it which says that the devise to Louis Zeiger is provisional. There is in the will no unqualified devise in fee to Louis Zeiger—no unqualified devise to him in fee at all. The decision is controlled by *Estate of Briggs,* 186 Cal. 351 [199 Pac. 322], and *Estate of Carothers,* 161 Cal. 588 [119 Pac. 926].

Judgment affirmed.

McComb, J., concurred.