OTTO S. LANCASTER *et al.*

*v.*

ROBERT H. LANCASTER *et al.*

*Opinion filed October 19, 1900.*

1. WILLS—*when devise to a class will take effect.* In case of a devise to a class, if the will does not expressly or impliedly fix a time when the devisees are to be ascertained or distribution made, the law fixes such time at the testator's death.

2. SAME—*devise construed.* A devise to "the legal and direct descendants—the heirs of their bodies begotten and their heirs—of my eldest brother * * * and his wife," limits the class of devisees to the "heirs of the bodies" of the ancestors named, and, in the absence of any contrary provision, only those of that class who are living at the testator's death will take.

3. SAME—*devise of life estate with remainder construed.* In case of a devise to the testator's sister-in-law, "to herself during her lifetime and to heirs of her body begotten, after her death," upon the death of such sister-in-law the "heirs of her body" living at the testator's death will take, not as her heirs generally, but by virtue of the original gift to them as a class, to be ascertained when the will takes effect.

APPEAL from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

FOLLETT W. BULL, and LOUIS GROLLMAN, for the guardian *ad litem:*

The term "descendants" includes all who descend from the body of another, however remotely. 9 Am. & Eng. Ency. of Law, 399; *Bates* v. *Gillett*, 132 Ill. 287; 1 Rapalje & Lawrence's Law Dic. 379; Bouvier's Law Dic.; *Bryan* v. *Walton,* 20 Ga. 512; *Tichenor* v. *Brewer*, 98 Ky. 349.

Only the descendants living at the death of the testator would take under the will. 29 Am. & Eng. Ency. of Law, 410; Jarman on Wills, (6th Am. ed.) 167; *McCartney* v. *Osborn,* 118 Ill. 403; *Bates* v. *Gillett,* 132 id. 287; *Ridgway* v. *Underwood,* 67 id. 419.

Under a devise to descendants the distribution should be per capita. *Crossley* v. *Clare,* 1 Ambl. Ch. 306; 29 Am. & Eng. Ency. of Law, 420, 427; *Pitney* v. *Brown,* 44 Ill. 363;

2 Jarman on Wills, (6th Am. ed.) 105; *Richards* v. *Miller*, 62 Ill. 417; *Butler* v. *Stratton*, 3 Bro. Ch. 304; *Bumer* v. *Storm*, 1 Sandf. Ch. 357; *Stokes* v. *Tilly*, 9 N. J. Eq. 130; *Hoton* v. *Griffith*, 18 Gratt. 574.

The terms "legal and direct descendants" and "heirs of their bodies begotten and their heirs" should be construed as passing the gift to the individuals composing the class "descendants." We are not at liberty to disregard or reject as meaningless any word of the testator. *Bates* v. *Gillett*, 132 Ill. 287; *Jenks* v. *Jackson*, 127 id. 341.

The terms "issue," "heirs of the body" and "lineal descendants" have been held to be synonymous. *Brandon* v. *Cannon*, 1 Grant's Cas. 60; *Pearce* v. *Rickards*, 19 L. R. A. 472; *Wistar* v. *Scott*, 105 Pa. St. 200.

The words "heirs" and "heirs of the body" are sometimes construed as words of purchase. *Willett* v. *Ford*, 8 N. E. Rep. 917; *Allen* v. *Craft*, 109 Ind. 476; *Bowers* v. *Porter*, 4 Pick. 198; *Goodright* v. *White*, 2 W. Bl. 1010; *Carpenter* v *VanOlinder*, 127 Ill. 42; *Butler* v. *Huestis*, 68 id. 594; *Belslay* v. *Engel*, 107 id. 182; *Summers* v. *Smith*, 127 id. 645; *Strain* v. *Sweeny*, 163 id. 603; *Griswold* v. *Hicks*, 132 id. 494.

Words used in one part of a will must be understood in the same sense when used elsewhere. *Jenks* v. *Jackson*, 127 Ill. 341; *Duryea* v. *Duryea*, 85 id. 41.

Title by descent is superior to title by devise or purchase. Devise is void if same estate passes as by descent. *Ellis* v. *Page*, 7 Cush. 163; *Kellett* v. *Shepard*, 139 Ill. 433; 4 Kent's Com. 506, 507.

Courts favor a construction which gives effect to every part of a will and which does not defeat the will. 29 Am. & Eng. Ency. of Law, 350; *Crerar* v. *Williams*, 145 Ill. 625; *Den* v. *Crawford*, 8 N. J. L. 97.

HAMLINE, SCOTT & LORD, (FRANK E. LORD, and GWYNN GARNETT, of counsel,) for appellee Lancaster:

In construing a devise, regard may be had to the probability or improbability of the construction claimed.

*Lang* v. *Pugh,* 1 Y. & C. 718; *Henry* v. *Thomas,* 20 N. E. Rep. 523; 1 Jarman on Wills, 453.

Punctuation in a will may be supplied or ignored when necessary for its true interpretation. *Osborn* v. *Farwell,* 87 Ill. 89; 11 Am. & Eng. Ency. of Law, 521; *Ewing* v. *Burnett,* 11 Pet. 54.

The expression "issue of the body" is not synonymous with "heirs of the body." The former expression embraces all descendants, and is applicable to them as well in the lifetime of the parent as after his death, while "heirs of the body" may embrace only a portion of the descendants, and does not embrace even them as long as the parent is living. 1 Jones on Real Prop. sec. 614.

When the devise is to heirs, whether to one's own heirs or the heirs of another, the presumption is that such heirs take according to the laws of descent,—*i. e., per stirpes. Daggett* v. *Slack,* 8 Metc. 450; *Tillinghast* v. *Cook,* 9 id. 143; *Kelley* v. *Vigas,* 112 Ill. 242; *Thomas* v. *Miller,* 161 id. 72; *Henry* v. *Thomas,* 113 Ind. 23.

This presumption will prevail even over the words "equally divided." *Balcolm* v. *Haynes,* 96 Mass. 204; *Bassett* v. *Granger,* 100 id. 348; *Hall* v. *Hall,* 140 id. 267; *Roome* v. *Counter,* 6 N. J. L. 111; *Thomas* v. *Miller,* 161 Ill. 73; *Kelley* v. *Vigas,* 112 id. 242.

WILLIAM PRESCOTT, for appellee William Wallace.

SMITH, HELMER, MOULTON & PRICE, for other appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding in chancery by Robert H. Lancaster, one of the devisees under the will of Nimrod Lancaster, in the superior court of Cook county, to partition certain lots and tracts of land, and adjust encumbrances thereon, described in the bill, as a part of the estate of Nimrod Lancaster, deceased, late of Chicago, who died testate on June 14, 1895.

The will, which is the basis of the claim of the respective parties to the lands in controversy, was executed in July, 1890, and is as follows:

"CHICAGO, *July* —, *1890.*

"*Know all persons by these presents,* That I, Nimrod Lancaster, of the city of Chicago, do hereby make my last will and testament, and that I am firm in body and sound in mind.

"*Item first*—I will that all my estate, both real and personal, shall be divided into four equal parts.

"*Item second*—I give and bequeath to the legal and direct descendants—the heirs of their bodies begotten and their heirs —of my eldest brother, William P. Lancaster, and his wife, Mary Lancaster, (now both deceased,) the one-fourth part of my estate so divided as above mentioned.

"*Item third*—I give and bequeath to the legal and direct descendants—the heirs of their bodies begotten and their heirs— of my brother Robert P. Lancaster, and Amanda Lancaster, his wife, (now both deceased,) the one-fourth part of my estate so divided as above mentioned.

"*Item fourth*—I give and bequeath to the heirs of their bodies begotten, and their heirs, of my sister, Sallie Wallace, and her husband, Thomas Wallace, (now both deceased,) one-fourth part of my estate so divided as above mentioned.

"*Item fifth*—I give and bequeath to my sister-in-law, Mrs. Edmonia P. Guard, (now living at Cleves, Ohio,) to herself during her lifetime and to heirs of her body begotten, after her death, one-fourth part of my estate so divided as above mentioned.

"*Item sixth*—It is my will, and I so bequeath, that my friend, William A. Barton, and his wife, Harriet Barton, shall remain in and occupy, free of rent, the house (2941 Wabash ave.) they now have, for ten years after my death.

NIMROD LANCASTER."

"*Item seventh*—I do hereby constitute and appoint Mrs. Mary Phipps, my niece, and her husband, William C. Phipps, my executors, to execute this my last will and testament.

"*November 23, 1891.*"

The petitioner is one of the "heirs of the bodies" of Robert P. and Amanda Lancaster, designated in item 3.

Upon the hearing below there was no controversy as to the description of property sought to be partitioned, the encumbrances or the right to partition, but the con-

test arose as to the proper construction to be placed upon the second, third, fourth and fifth items of the will, and several interpretations were insisted upon in the court below by the respective parties, but one of which, as stated below, is urged here. The decree there rendered was in conformity with the prayer of petitioner as to the interpretation and construction of the will, finding, in effect, that under each clause the devisees who took the estate were the persons who, at the time of the testator's death, were the heirs, generally, of the ancestors named in the several items. From that decree this appeal is prosecuted, and the only construction here insisted upon by the appellants, different from that placed upon it by the chancellor, is, that under the language, "to the legal and direct descendants," all who have descended directly from the ancestors named in items 2, 3 and 4 take as devisees, and that the several gifts are not affected by the subsequent words, "the heirs of their bodies begotten and their heirs."

Although the rights of appellants arise under item 3 of the will, in construing the several gifts it will be sufficient for the present to give attention, first, to item 2, the language of each, except the last, being in substance the same. What is the proper construction to be given to the language of this item, "I give and bequeath to the legal and direct descendants—the heirs of their bodies begotten and their heirs—of my eldest brother, William P. Lancaster, and his wife, Mary Lancaster, (now both deceased,) the one-fourth part of my estate so divided as above mentioned?" The clause "to the legal and direct descendants," would, if standing alone, undoubtedly be interpreted as designating a large class; but it is clearly qualified by the language which follows: "The heirs of their bodies begotten and their heirs." This latter clause is a parenthetical expression, and is to be understood as explaining or qualifying the clause immediately preceding. Interpreted as such parenthetical clauses are gen-

erally understood, the sentence would read as though it had been written, "I give and bequeath to the legal and direct descendants,—that is to say, the heirs of their bodies and their heirs,—of my eldest brother, William P. Lancaster, and his wife," etc. This construction is made without adding to the language employed, but by simply setting out in words what is actually expressed by the grammatical construction and punctuation of the sentence. Nor does it result in rejecting the first clause, as claimed by appellants, but it gives effect to both clauses. "The heirs of their bodies" are, in fact, "legal and direct descendants," but it cannot be said that all the "legal and direct descendants" are "heirs of their bodies." The interpretation insisted upon by appellants would necessarily reject the second clause, and violate the well known general rule of construction which requires the giving effect to every part of a written instrument in its interpretation, if it can be done.

The next consideration is, who, under the foregoing construction, shall take under item 2 of the will? Manifestly, only those who, singly or as a class, come within the description of "heirs of the bodies" of the ancestors named. Being a simple devise to a class, and the will not expressly or by necessary implication fixing a time when the devisees are to be ascertained or when the division is to be made, the law will fix it at the testator's death, that being the time when the will first speaks. (*McCartney* v. *Osburn*, 118 Ill. 403. See, also, *Kellett* v. *Sheppard*, 139 id. 433.) From the evidence in the record we find the only person living at the testator's death who comes within the description "heirs of the bodies" of William P. and Mary Lancaster, to be the defendant John E. Lancaster, the son. The decree below, however, divides the part of the estate mentioned in that item into two parts, giving one to John E. Lancaster and the other to the heirs, generally, of his deceased sister, Mrs. Jane Grubbs, they being the only children of the ancestors mentioned;

187—35

and it is contended by appellee that the estate should be divided, according to the Statute of Descent, among the heirs, generally, of the ancestors mentioned in the several items. The position cannot be sustained. Jane Grubbs was living at the time of the making of the will but not at the date of the testator's death, and was therefore not in being at the time the estate vested. Had the devise been to Jane Grubbs and John E. Lancaster, specifically, as "the heirs of the bodies" of the ancestors, then the share of Mrs. Grubbs, she being dead at the time of the vesting of the estate, would have lapsed, and her heirs generally, even in that case, could not have taken. The devise here being to a class, the death of one of them before the testator will not cause a lapse of any part of the gift, "but those of the described class who survive the testator will take the whole." (Am. & Eng. Ency. of Law, 13,—1st ed.—33, and cases cited.) John E. Lancaster is the sole person coming within the designated class, and the children and grandchildren of Mrs. Grubbs can by no proper construction of the will be included therein.

It is unnecessary to enter into a discussion of items 3 and 4 of the will, as the language of each is the same as in item 2, and the same rules of construction and interpretation necessarily apply. Item 5 is unlike the others, but it is a direct gift for life to Mrs. Edmonia P. Guard, with remainder to the class named in that devise. (See Hurd's Stat. 1897, sec. 6, p. 391.) The life estate being at an end, Mrs. Guard having died, the "heirs of her body" living at the death of the testator take that part of the estate, and take it not as her heirs generally, but by virtue of the original gift to them as a class, to be ascertained when the will should take effect.

For the error indicated the decree below will be reversed and the cause remanded, with direction to the superior court to make partition of the lands in conformity with the views herein expressed.

*Reversed and remanded.*