(No. 21735.—

RICHARD BRUMSEY, Appellant, *vs.* JAMES HALL BRUMSEY, Jr., *et al.* Appellees.

*.Opinion filed February 23, 1933.*

STONE, J., took no part.

GEORGE W. HUNT, and FRED W. POTTER, Jr., for appellant.

CLARENCE W. HEYL, for appellee James Hall Brumsey, Jr.; JOSEPH STOREY, and WILLARD B. GASKINS, for appellee Nancy Brumsey Fenwick.

WALTER C. OVERBECK, for appellees J. L. Jones *et al.*

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Marshall county construing the will of James H. Brumsey, Sr., deceased, in which the chancellor overruled the exceptions of the complainant to the master's report.

The appellant, Richard Brumsey, a minor, by Walter S. Harrison, his guardian and next friend, on September 23, 1927, filed his bill to construe the will of James H. Brumsey, Sr., grandfather of the appellant. James Hall Brumsey, Jr., father of the appellant, and Nancy Brumsey Fenwick, an aunt of the appellant, each answered and filed a joint cross-bill for a construction of the will and each prayed to have a trustee appointed to administer a spendthrift trust. To this the original complainant and cross-defendant, Richard Brumsey, filed a general and special demurrer, which was by the court overruled. Answers were then filed by the cross-defendants. Later, James Hall Brumsey, Jr., obtained leave to file his amended separate

cross-bill. This was filed at the January term, 1930, and answers were filed thereto, and the case was referred to the master in chancery upon the issues made upon the original bill and upon the separate cross-bills of James Hall Brumsey, Jr., and Nancy B. Fenwick. In this separate amended cross-bill of James he sets forth his contention with reference to the proper construction of the last will and testament of his father, James H. Brumsey, Sr. The prayer of the cross-bill is for alternative relief, and, briefly stated, is as follows: (1) That a trustee may be appointed with authority to collect the rents from the lands given and devised in the will, and to rent the lands and pay the taxes and necessary repairs, and to pay the balance or remainder to the cross-complainant; (2) that an accounting may be taken of the rents, issues and profits of the lands from those who have been collecting the same during the pendency of the litigation; (3) that the court decree that it was the intention of James H. Brumsey, Sr., to create a spendthrift trust in favor of the cross-complainant, as a beneficiary, in and to the premises described and devised to him; (4) that under a proper construction of the will a trustee should be appointed for and during the natural life of the cross-complainant to receive the rents, issues and profits, subject to the terms and provisions of the spendthrift trust, and pay the net income therefrom in hand to the cross-complainant; (5) that under a proper construction of said last will and testament the cross-complainant be decreed to take the possession, use and enjoyment of the rents, issues and profits for and during his natural life; (6) that the court should decree that the condition restraining alienation and use of said premises in the cross-complainant following the gift of said lands to him are void and of no force and effect; (7) that any purported lien by any creditor of the cross-complainant be decreed to be of no force and effect and a cloud upon the title; (8) that said cloud should be removed by the decree of

this court; (9) that the court should construe the will by its decree and each part thereof, and declare the rights and interest of the cross-complainant in and to the real estate described, and the rights and interests of Nancy B. Fenwick and the other parties to the suit; (10) that in case the court holds, in construing the will, that Nancy B. Fenwick has by reason of the happening of the things alleged in the original bill, if the same are proved, forfeited her interest, right and title in and to the real estate described in the fifth item of the will, the court should decree that upon the termination of the interest of Nancy B. Fenwick the cross-complainant became seized and possessed in fee simple of the lands described in item 5 as the heir-at-law of James H. Brumsey, Sr., and that the premises be taken and held by James Hall Brumsey, Jr., free and clear of any claim or lien of any judgment creditor of Nancy B. Fenwick. Nancy B. Fenwick in her answer and amended cross-bill denied that there had been a forfeiture on her part which had terminated her interest, and in her cross-bill she requested a construction of the will and asked for the appointment of a trustee to administer the spendthrift trust created in favor of her and James Hall Brumsey, Jr.

James H. Brumsey, Sr., died testate July 31, 1913. His will was duly proved and admitted to probate by the county court of Marshall county. He left him surviving Amelia Brumsey, his widow, who has died since the probating of the will and before the commencement of this suit. He left him surviving a son, James Hall Brumsey, Jr., who intermarried with Nora E. Davis, and as the issue of their marriage there is one, and only one, child, Richard Brumsey, the appellant herein, who became twenty-one years of age on August 31, 1932. He also left him surviving one daughter, Nancy Brumsey, who intermarried with G. E. Fenwick, and there has never been born to them a child or children. The provisions of item 2 of the last will and testament as to the payment of all the debts and claims against

the estate of James H. Brumsey, Sr., have been performed and the estate fully and finally administered. The provisions of items 3, 4, 5, 6, 8 and 9, in so far as they apply to James Hall Brumsey, Jr., and his son, Richard Brumsey, and Nancy B. Fenwick, are as follows:

In item 3 the testator devised and bequeathed to James Hall Brumsey, Jr., the rents, issues, income, profits and possession of the following described real estate, (the east half of the property described in the bill,) to have and enjoy the same for and during the period of his natural life and subject to and under the following express conditions, viz.: "It is my will and I hereby direct that my said son shall have no power to sell or encumber his said interest in said land, nor to lease the same to others at any time or times for a longer aggregate period than five years from the time of making any lease or leases; that he shall pay all taxes and assessments coming due from time to time against all of said lands in this item 3 described and never permit the same to become delinquent; and that he shall keep all the fences, buildings and other improvements on all of said lands in as good a state of repair as the same are at the time of my death. And it is further my will and direction that any attempt on the part of my said son to alienate or encumber any of the interest in or benefits out of any of said lands given to him in this item 3 as aforesaid or any lease made by him of said lands contrary to or in violation of the provisions of this will or his permitting the taxes thereon to remain unpaid beyond the proper time for payment or become delinquent shall have the effect to terminate all his interests in said land given under this will the same as his death if then occurring would do; and should any decree or judgment be entered or proceeding be had in any court, sufficient in effect to deprive my said son of the beneficial use of said lands under this will, the same shall operate to immediately terminate all the interest aforesaid of my said son in said land.

"Item 4—Immediately upon the death of my said son or otherwise termination of his use and estate in the lands in said item 3 of this will described, for any of the aforesaid causes in said item 3 mentioned, I give, devise and bequeath all of said lands and the use thereof to the child and children of his body, but nevertheless upon the following contingencies, and conditions, viz.: If any such child or children, issue of my said son, is or are then of legal age, such child or children so being of legal age, shall take an immediate vested estate as of inheritance in fee simple in all of the equal undivided portion or portions of said lands described in said item 3, such quantity of interest or portion or portions to be determinable upon the number of children, or if any deceased, their proper representation of descendants counting as one under the rule of *per stirpes,* included, of my said son that are then living. * * * And in case of or upon any such minor child or children becoming of legal age, I will and devise to such child or children at the time and in order that he, she or they arrive at or become of legal age his or her equal undivided interest in fee simple in the lands described in said item 3 of this my will, the amount and quantity of such interest to be determinable upon the number of children, or if any deceased, their proper representation of descendants counting as one according to the rule of *per stirpes,* included of my said son that are then living.

"Item 5—Subject to the provisions of the foregoing item 2 of this my will and that the payment, liquidation and discharge of any my indebtedness in manner as aforesaid, if any there be, shall be a condition precedent to her free use, occupation and possession thereof, I give and bequeath to my daughter, Nancy Brumsey, the rents, issues, income, profits and possession of the following described real estate, to-wit, [west half of the property described in the bill,] to have and enjoy the same for and during the period of her natural life and subject to and under the fol-

lowing express conditions, viz.: It is my will and I hereby direct that my said daughter shall have no power to sell or encumber her said interest in said land, nor to lease the same to others at any time or times for a longer aggregate period than five years from the time of making any lease or leases; that she shall pay all taxes and assessments coming due from time to time against all of said lands in this item 5 described and never permit the same to become delinquent and that she shall keep all the fences, buildings and other improvements on all of said lands in as good a state of repair as the same are at the time of my death. And it is further my will and direction that any attempt on the part of my said daughter to alienate or encumber any of the interest or benefits out of any of said lands given to her in this item 5 as aforesaid, or any lease made by her of said lands contrary to or in violation of the provisions of this will or her permitting the taxes thereon to remain unpaid beyond the proper period of time for payment or become delinquent, shall have the effect to terminate all her interest in said land given under this will the same as her death if then occurring would do; and should any decree or judgment be entered or proceeding be had in any court, sufficient in effect to deprive my said daughter of the beneficial use of said lands under this will, the same shall operate to immediately terminate all the interest aforesaid of my said daughter in said land.

"Item 6—Immediately upon the death of my said daughter or otherwise termination of her use and estate in the lands in said item 5 of this will described, for any of the aforesaid causes in said item 5 mentioned, I give, devise and bequeath all of said lands and the use thereof to the child and children of her body, but nevertheless upon the following contingencies and conditions, viz.: * * * In default or failure of there being any child or children or descendants of any child or children of my said daughter to take as aforesaid at the termination as aforesaid whether by

death or otherwise of my said daughter's interest in said land, then in such case and upon such contingency I will and devise all of said lands described in said item 5 of this will to my then living heirs-at-law, provided however, that if such then living heir or heirs be my said son James Hall Brumsey, Jr., or the children of his body, then it is nevertheless my will that such remainder, reversion and inheritance thus falling to them shall be taken by them for his or their use and final investment in accordance with and upon the same condition and terms as provided for the disposal and devise made in items 3 and 4 of this my will.

"Item 8—Subject to the life estate given to my wife, Amelia Brumsey, in item 7 of this will, I will, devise and bequeath the said east half of the northeast quarter of section 33 in said item 7 described and the use thereof to my daughter, Nancy Brumsey, for life, the remainder over to her children and descendants, or on failure thereof to my heirs in accordance with and subject to and upon the plans, contingencies and provisions as provided with reference to that portion and portions of my lands and estate devised and disposed of in items 5 and 6 of this my will.

"Item 9—Subject to the life estate given to my wife, Amelia Brumsey in item 7 of this will, I will, devise and bequeath the said north half of the northwest quarter of section 34 in said item 7 described and the use thereof, to my son, James Hall Brumsey, Jr., for life, the remainder over to his children and descendants, or on failure thereof to my heirs, in accordance with and subject to and upon the plans, contingencies, conditions and provisions as provided with reference to that portion and portions of my lands and estate devised and disposed of in items 3 and 4 of this my will."

While these provisions are lengthy, we have deemed it necessary for a proper understanding of their terms to set them out *in extenso*.

James Hall Brumsey, Jr., father of Richard Brumsey, the appellant, permitted the taxes to become delinquent against all of the lands devised to him, and the same were sold by the county court of Marshall county, upon application of the county collector, for taxes assessed against said lands for the year 1925, at the June term of said court, on June 28, 1926, and were redeemed by Walter S. Harrison, guardian of Richard Brumsey, on September 1, 1927, under an order of the county court of Marshall county authorizing the guardian to borrow the money for that purpose.

Nancy B. Fenwick permitted a deficiency decree in a certain foreclosure suit in which lands other than the ones in question were involved, to be entered against her, upon which decree an execution was issued out of the circuit court of Marshall county, and the lands devised to her under said last will and testament were sold by the sheriff and a certificate of sale issued by the sheriff of Marshall county to John L. Jones, and subsequent thereto, upon the surrender of the certificate, O. L. Litchfield, sheriff of Marshall county, on September 1, 1925, gave a sheriff's deed to Jones, thereby conveying to him all right, title and interest of Nancy B. Fenwick in the lands devised to her, subsequent to which time Jones has conveyed the premises to the First National Bank of Henry.

In addition to the foregoing, numerous judgments have been taken against James Hall Brumsey, Jr., and Nancy B. Fenwick, individually and collectively. Numerous executions have issued on said judgments, and under some of the executions a sale was had at the same time as the one just enumerated—in fact, some of the creditors assigned to John L. Jones their interest under the execution and levy. On October 19, 1921, Nancy B. Fenwick entered into an agreement with Bernard Haugens whereby he was to act as her agent for the east half of the northeast quarter of section 33 and the north half of the northwest quarter of section 34, in Evans township, Marshall county, for

a period of five years, beginning with March 1, 1922, by which Haugens was to rent the above land and sell the grain raised thereon, pay the taxes and apply the balance to notes held by Ed. Haugens, amounting to the principal sum of $5921. On September 17, 1928, Nancy B. Fenwick testified that at that time she was not receiving any of the rents and profits from the lands given to her for life and that she had not received any portion of the rents and profits since 1922. James Hall Brumsey, Jr., has not received any of the rents and profits from the lands given to him for life for more than five years next preceding the date of the filing of this bill, September 23, 1927.

The master found and the chancellor decreed that the permitting of the tax to become delinquent by James Hall Brumsey, Jr., was an event within the terms of the will the happening of which terminated his life estate; that the numerous judgments against him and his sister, Nancy, upon which executions had been issued, were "sufficient, in effect, to deprive him of the beneficial use of said lands;" that the sale under the deficiency decree by the sheriff of Marshall county and the giving of a deed by the sheriff to John L. Jones were events the happening of which terminated the life estate in the lands devised to Nancy; that the numerous judgments against her and her brother, upon which executions had been issued, were "sufficient, in effect, to deprive her of the beneficial use of said lands;" that the complainant, Richard Brumsey, was the only child of the body of James Hall Brumsey, Jr., at the time of the termination of the latter's life estate, and that Richard, being a minor, the income from such lands during his minority would go to his guardian, and that the fee vested in Richard on August 31, 1932, when he became of legal age. The master found that upon the termination of the life estate of Nancy the lands so devised to her, she having no child or children of her body, passed to the then living heirs-at-law of the testator, and that she was one of such heirs and

her brother was also an heir; that her lands passed to her and her brother, share and share alike, as tenants in common, each of an equal undivided one-half interest in the whole of the lands devised to her for life, subject to the lien of their respective judgment creditors. The chancellor sustained the exception of the First National Bank of Henry as to the lands sold by the sheriff and by him conveyed to said bank, and held that the lands devised to Nancy for life, by means of said conveyance were now held as tenants in common by the bank and James Hall Brumsey, Jr., subject to the liens of the judgment creditors of the latter. The chancellor overruled the exceptions of Richard Brumsey, the complainant, that the whole of the land devised to Nancy passed to him.

The court allowed the cross-complainant James Hall Brumsey, Jr., $1125 attorney fees and the cross-complainant Nancy B. Fenwick $1125 for the services of their respective attorneys, to which the complainant excepted.

It is contended by the appellant, Richard Brumsey, that the chancellor erred in holding and decreeing that Nancy B. Fenwick is "a then living heir-at-law of the testator" upon the happening of the event which terminated her life estate, the same as if she had died at the time said event happened, and also erred in holding that James Hall Brumsey, Jr., took an undivided one-half of the lands devised to his sister for life, and should have held that all of the lands devised to his sister for life passed to Richard Brumsey upon the happening of the event which terminated her life estate the same as if she had died. It is further contended that the chancellor erred in allowing attorneys' fees for the defendants and cross-complainants, James Hall Brumsey, Jr., and Nancy B. Fenwick.

A fundamental and familiar rule in construing wills is to ascertain the intention of the testator from a consideration of the whole will, and such intention must be given effect if not in conflict with an established rule of law or

of public policy. (*Heitzig* v. *Goetten*, 347 Ill. 619.) The whole scope of the will must be considered and every provision given due weight to ascertain the plan of the testator in the light of the facts and circumstances surrounding him, his family and property at the time the will was made. (*Sartain* v. *Davis*, 323 Ill. 269.) When we apply those rules to the will here in question and seek to find the plan upon which the will is based, we find that two outstanding manifestations of the testator's intention are the basis for the plan of the will. These are: First, that under no circumstances should the creditors of either James Hall Brumsey, Jr., and Nancy B. Fenwick be able to acquire any interest in the property devised; and second, that the property should be inalienable by the second generation and conserved in its entirety for the benefit of the third generation. The court, therefore, correctly decreed that the events recited in the decree were sufficient to terminate the life estate of James Hall Brumsey, Jr., and deprive him of the beneficial use of the lands devised to him, and that at the termination of his life estate Richard Brumsey became entitled to the income from the lands during his minority, and that the fee vested in him on August 31, 1932, when he became of legal age. The court, however, was not correct in decreeing that upon the termination of the life estate of Nancy B. Fenwick the land so devised to her passed to the then living heirs-at-law of the testator and that such lands passed to her and her brother, share and share alike, as tenants in common, subject to the lien of their respective judgment creditors. The testator by his will did not provide that upon her death or on the termination of her use and estate in the lands for any of the causes mentioned in item 5, such use and estate should revert to his estate as intestate property and so pass to his then living heirs-at-law, but he disposed of the same as testate property. He makes it clear by the language used that upon the happening of the contingencies mentioned in item 5 not only her estate

in the land should terminate but that her interest in the land should also be terminated, and provides that "upon such contingency I will and devise all of the lands described in said item 5 of this will to my then living heirs-at-law, provided, however, that if such then living heir or heirs be my said son, James Hall Brumsey, Jr., or the children of his body," etc.

While, ordinarily, the term "heirs" used by a testator refers to those who are or will be such at the testator's death and not at some later period, and this is the natural import of the words, yet under the rule that the intention of the testator, definitely expressed, will prevail over strict technical terms, such meaning will be given to the term as will carry out the intention of the testator. (*Himmel* v. *Himmel*, 294 Ill. 557; *Winchell* v. *Winchell*, 259 id. 471; *Smith* v. *Windsor*, 239 id. 567; *Johnson* v. *Askey*, 190 id. 58.) A technical construction of words and phrases, although *prima facie* the one which should prevail, will not be carried to the extent of defeating any obvious general intention of the testator. *Blackmore* v. *Blackmore*, 187 Ill. 102; *Brownfield* v. *Wilson*, 78 id. 467; *Johnson* v. *Askey, supra.*

We have been referred to *Kellett* v. *Shepard*, 139 Ill. 433, and other similar cases, in support of the court's finding that upon the termination of Nancy B. Fenwick's estate she became entitled to a one-half interest therein as an heir of the body of testator. An examination of these cases shows that the property there involved either became intestate property upon the termination of the life estate, or that the construction placed thereon was not contrary to the expressed intention of the testator in his will. Here the testator by his will not only terminated Nancy's life estate, but provided that it should have the effect to terminate all her interest in the land given under the will the same as her death if then occurring would do. It is evident, therefore, that the terms of the will should be con-

strued as if Nancy were dead at the time of the termination of the life estate, and it is evident that he did not intend to refer to her as one of his then "living heirs-at-law." Neither would he have provided "that if such living heir or heirs be my said son, James Hall Brumsey, Jr.," and not have named her. Neither is it likely that it was his intention to include her as one of his heirs-at-law, for the reason that her interest would immediately be forfeited under the provisions of item 5.

It is immaterial, under the facts in this case, whether or not James Hall Brumsey, Jr., took the share of Nancy B. Fenwick upon the termination of her life estate or whether he be considered as dead at that time with reference to this particular property, as he was with reference to that given to him under the provisions of item 3. In either event, by reason of the circumstances found by the master, if he did receive any interest in her share it immediately passed on to Richard Brumsey and ripened into a fee simple estate in him upon the attainment of his maturity, August 31, 1932.

Where a testator has expressed his intention in his will so ambiguously that it becomes necessary to prosecute a suit in chancery in order to obtain a construction of the will, the reasonable fees of the solicitors for the complainant should be paid from the assets of his estate, but we know of no authority in this State, and have been cited to none, which would authorize the payment of solicitors' fees to a defendant or cross-complainant whom this court finds to have no present interest under the will and therefore no interest in its construction.

The decree of the circuit court of Marshall county is reversed and the cause remanded to that court, with directions to enter a decree in accordance with the views and findings herein expressed.

*Reversed and remanded, with directions.*

Mr. Justice Stone took no part in this decision.