(No. 33829.—

ELEANOR E. BERGENDAHL, Appellee, *v.* LOGAN J. STIERS *et al.,* Appellants.

*Opinion filed March 22, 1956.*

WILLIAM J. CURTIS, of Galva, for appellants.

HUBER, REIDY & KATZ, of Rock Island, (ISADOR I. KATZ, and JOHN M. TELLEEN, of counsel,) for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Defendants-appellants appeal directly to this court from a decree of the circuit court of Henry County entered on the pleadings construing the last will of Logan J. Stiers, deceased, to the effect that plaintiff and the two defendants each own an undivided one-third interest in a certain 80 acres and decreeing partition thereof. The title to a freehold being directly in issue, the appeal properly comes direct to this court.

Logan J. Stiers died testate on January 17, 1919, a resident of Henry County, Illinois, owning the real estate here in issue. His will, which was duly admitted to probate, contained only one dispositive clause which provided as follows:

"Second. I give, devise and bequeath all my Real Estate and Personal Property of whatsoever kind and wheresoever situated unto my wife, Ethel I. Stiers, for her use and her use alone, so long as she shall live; and at her death said Real Estate and Personal Property shall become the property of my heirs in body then living. This bequest is made

on the condition that the above mentioned Real Estate shall never be sold or mortgaged."

The testator left him surviving his widow and three children, *viz.:* Florence Stiers Wilson, Logan J. Stiers, and Cosetta Stiers Luallen. The widow took and continued in possession of the farm until her death on July 10, 1950. Florence Stiers Wilson died in 1939 and left her surviving one child, Eleanor E. Bergendahl, plaintiff-appellee herein. On the death of testator's widow, Logan J. Stiers and Cosetta Stiers Luallen, defendants-appellants, entered into possession of the farm and have been in possession continuously since then, claiming exclusive ownership as tenants in common.

Plaintiff-appellee filed her complaint to construe the will of Logan J. Stiers, deceased, for partition, and for an accounting, alleging in substance the above facts and claiming that under the will plaintiff and the two defendants were tenants in common in equal parts of the farm as they were "heirs in body then living" of Logan J. Stiers, deceased. Defendants' motion to dismiss the complaint as being insufficient in law was denied. Thereafter defendants' answer was filed, the first part of which admitted the facts as recited above and the second part of which alleged that under said will the defendants and Florence P. Wilson, named in the complaint as Florence Stiers Wilson, each became vested with an undivided one-third interest in the real estate subject to the widow's life estate and contingent upon their surviving the life tenant and that by the death of Florence P. Wilson prior to the life tenant the defendants each became vested with an undivided one-half interest therein. Plaintiff's motion to strike the second part of said answer as being insufficient at law and previously ruled upon was granted by the trial court. Defendants' amended answer omitted the second part of the original answer, and denied the interests of plaintiff in the land and her right to partition or accounting. Plaintiff

thereupon filed her reply and motion for judgment on the pleadings, upon which motion the decree appealed from was entered.

Defendants assign sixteen propositions as error, but their points and authorities and argument are all directed to the single question of whether the trial court correctly construed the will in question and the answer to that question is determinative of the case.

The substance of the testamentary provision in question is to devise a life estate in real estate to testator's surviving widow, and a contingent remainder therein to a class designated as "my heirs in body then living." All parties have correctly agreed that "my heirs in body" refer to the same thing as "heirs of the body." Defendants also correctly concur in the proposition that "heirs of my body" is not limited to "children" but includes in such classification any lineal descendant who is an heir of the testator at the time of the determination. (*Gridley* v. *Gridley,* 399 Ill. 215; *Hickox* v. *Klaholt,* 291 Ill. 544.) A gift to heirs of the body is a gift to a class. *Lancaster* v. *Lancaster,* 187 Ill. 540.

The basic question at issue is the time of determination of the class to take the remainder interest. Is the class intended to take the remainder those heirs of the testator's body in existence at the testator's death who may survive the life tenant? Or did the testator intend such class to comprehend all lineal descendants who would be an heir of his at the time the life estate terminated?

Defendants argue in support of the first proposition that members of a class are ascertained and determined at the death of a testator, citing *Brumsey* v. *Brumsey,* 351 Ill. 414, and *Way* v. *Geiss,* 280 Ill. 152, and that the word "then" does not refer to the time when the right to take will be determined but refers to the event upon the happening of which the right to possession begins, citing *Campbell* v. *Campbell,* 380 Ill. 22, and *People* v. *Camp,* 286 Ill. 511.

Plaintiff primarily argues in support of the second proposition that where the word "then" is used as an adverb of time and not merely referring to an event, it will have the effect of postponing the ascertainment of the class until the period to which it has reference, citing *Sloan* v. *Beatty,* 1 Ill.2d 581; *Boldenweck* v. *City National Bank and Trust Co. of Chicago,* 343 Ill. App. 569, cases from other jurisdictions and encyclopedic works. Plaintiff further argues the presumption that a testator does not intend to disinherit a lineal descendant unless such an intent is clearly shown, citing *Lee* v. *Roberson,* 297 Ill. 321; *Morrison* v. *Tyler,* 266 Ill. 308; *Straw* v. *Barnes,* 250 Ill. 481; and *Olcott* v. *Tope,* 213 Ill. 124.

The authorities cited by defendants to the effect that members of a class are ascertained and determined at the death of a testator, although recognizing such rule as existing, qualify such rule by recognizing that where distribution is postponed a class gift will comprehend all members of the class born up to the period of distribution. In *Way* v. *Geiss,* 280 Ill. 152, there was a devise of a life estate to the testator's widow and after her death to the testator's son and his children, but if such son be dead, leaving no issue, to the children then living of another son share and share alike. The contention was made that the devise to the son and his children took effect immediately upon death of the testator and that such son, then having no child or children, took the fee as sole owner. At the termination of the life estate the son had one child living and it was held that each took an undivided one-half interest under the foregoing devise. In so holding the court said, at page 156: "The devise to the children of Harvey D. Way was to a class. When a devise is to a class and nothing in the will shows a contrary intention, the members of the class will be determined upon at the death of the testator and the persons answering the description at that time will be included. The testator may by his will, expressly or by neces-

sary implication, fix the time when the members of the class are to be ascertained at a period other than at his death, if the time fixed is not so remote as to violate the rule against perpetuities. The wish of the testator with reference to the time when the members of the class will be determined will be given effect when not contrary to law. (Thompson on Wills, sec. 192.) An immediate gift to a class of persons takes effect in favor of those who constitute the class at the death of the testator unless a contrary intention is found in the will, but where a particular estate is carved out, with a gift thereupon to a class, such as to the children of the person to whom the particular estate is devised or the children of any other person, the gift will embrace not only those living at the death of the testator but also those who may come into existence down to the time of distribution. Children coming into existence after that time would not be included. Bigelow on Wills, 284, 285; *Handberry* v. *Doolittle, supra.*"

In *Brumsey* v. *Brumsey,* 351 Ill. 414, there was a devise of a life estate in real estate to the testator's child and upon the termination of said life estate by death, or the occurrence of a prior contingency, the remainder to the child or children of the body of the life tenant, and in the event of default or failure of such child or children "to my then living heirs at law." This court there held that upon the termination of the life estate by occurrence of a prior contingency the class "then living heirs at law" was determined as of the date of the termination of the life estate as if the life tenant had died and not as of the date of death of the testator.

The general rule that where distribution is postponed a class gift will comprehend all members of the class born up to the period of distribution has been recognized and followed in numerous other decisions of this court. *Kiesling* v. *White,* 411 Ill. 493; Carey & Schuyler, Illinois Law of Future Interests, p. 354.

Of course the paramount rule of testamentary construction is that the intention of the testator, as expressed in his will, governs the distribution of his estate, and the intention of the testator, once it has been ascertained, will be given effect unless to do so would violate some settled rule of law or be contrary to public policy. *Sloan* v. *Beatty*, 1 Ill.2d 581; *Barnhart* v. *Barnhart*, 415 Ill. 303.

All rules of construction yield to the intention of the testator as expressed in the will and no rule of construction will be applied to defeat that intention. (*Harris Trust & Savings Bank* v. *Jackson*, 412 Ill. 261.) Furthermore, it must be kept in mind that the precedents in other will cases are never of controlling importance in determining the intention of a testator as expressed in the particular will under consideration. *Barnhart* v. *Barnhart*, 415 Ill. 303; *Sloan* v. *Beatty*, 1 Ill.2d 581.

The testator in this case has clearly expressed his intention that at the death of the surviving widow, the life tenant, the remainder shall become the property of "my heirs in body then living." It must be first noted that the testator has used the words "my heirs in body," which, as heretofore observed, is a classification much broader than that of children. This definitely evidences an intention that someone other than a child might be the eventual taker of the remainder in the real estate which the testator owned. If the testator had intended that only his children shall share in the fee title of his estate, that undoubtedly would have been the word he would have used in drafting his will. This one point does not resolve the controversy here but it does serve to evidence an intention that the testator did not intend to disinherit any grandchildren such as might be living at the death of the life tenant in the event that the mother or father of such grandchild had predeceased the life tenant. Because of the possibility of the death of a child prior to the life tenant and the survival of bodily issue an interpretation which would allow a distribution

of the remainder in this case to only a portion of the testator's "heirs in body" would disregard the testator's clearly expressed intention that the remainder go to his "heirs in body then living."

While the word "then" may be used as a word of reference, as contended by defendants, it may also be used as an adverb of time. *Sloan* v. *Beatty*, 1 Ill.2d 581; *Strain* v. *Sweeny*, 163 Ill. 603.

In this particular clause the word "then" clearly refers to the preceding phrase "at her death" and it appears to us that the intention was to use the word "then" as an adverb of time.

It is our opinion that the trial court correctly construed the will in this case as using apt language to indicate a testamentary intention that the devise over in question is not limited to the testator's children, but is intended to include the tesator's "heirs in body" ascertained at the death of his wife.

Accordingly the decree of the trial court is affirmed.

*Decree affirmed.*