Rosemary F. Bolon and Kathryn F. Evers, Appellants, v. Orth Dains, et al., Conservator of the Estate of Maude F. McManus, et al., Appellees. Mary Frances Greenwell, Executor Under the Will of Mary R. Daines, Deceased, et al.

Gen. No. 64–27.

Third District.

December 24, 1964.

Howard & Padella, of Monmouth, and Merrill I. Schnebly, Esq., of Urbana (Merrill I. Schnebly, Robert H. Howard, and Arthur M. Padella, of counsel), for plaintiffs-appellants, and defendants-appellants.

Graham & Prentiss, of Aledo, and Eagle & Eagle, of Rock Island, for appellees. Stanton H. Prentiss and Edw. L. Eagle, Jr., Guardians ad Litem for Brenda Jean Field, Dianna Frances Field, Kathleen Marie Russell and Susan Russell, minors.

CARROLL, J.

This action was brought to construe the Last Will and Testament of Calvin S. Orth and for partition of certain real estate according to the respective interests of the parties hereto. A decree was entered finding that the plaintiffs, Rosemary F. Bolon and Kathryn F. Evers, and certain defendants, Orth Dains, Robert Dains, Mary Frances Greenwell, Margery Ann Russell, Kathleen Marie Russell, Susan Russell, Maude F. MacManus, Brenda Jean Field and Dianna Frances Field were all heirs of the bodies of Sally D. Orth Vogt, Mary Orth Dains and Maude Orth Field, at the time of the death of Mary Orth Dains on September 18, 1962, and as such, are owners as tenants in common in equal shares of the real estate which is the subject matter of this suit. Partition and division of the premises was ordered in accordance with such finding, the owners each being entitled to an undivided one-

eleventh interest as tenants in common in said real estate. Motion for rehearing was filed by plaintiffs and the same was denied. Plaintiffs appeal from the decree construing the Will and ordering partition and from the order denying motion for rehearing.

The facts are not in dispute. Calvin S. Orth executed his Last Will and Testament on December 3, 1898. He died on January 1, 1899. His Will was admitted to probate in the County Court of Warren County, Illinois on February 6, 1899. On the day his Will was executed, Calvin S. Orth was married to Mary Frances Orth. At this time they had six sons and three daughters, namely Maud S. Orth and Mary R. Orth, both minors and Sally D. Orth, age 32 who was childless. Calvin S. Orth left him surviving his mother, his wife, three daughters and six sons. The testator's mother died on October 10, 1904. The testator's wife Mary Frances Orth died on March 16, 1927. The testator's daughter, Sally D. Orth Vogt died on June 14, 1947, leaving no descendants. The testator's daughter Maud S. Orth Field died on January 8, 1921 leaving six children, three of whom are living, namely Kathryn Louis Field Evers, Maud F. MacManus and Helen Rosemary Field Balon. Her daughter, Dorothy May Field Russell died on September 25, 1953, leaving her surviving three children, namely Margery Ann Russell, Kathleen Marie Russell and Susan Russell. Her son Frederick William Field died on July 9, 1950, leaving him surviving two children, namely Brenda Jean Field and Dianna Francis Field. Her son Richard Calvin Field died on August 29, 1934, leaving no descendants. Mary R. Orth Dains, the testator's last surviving daughter, died on September 18, 1962, leaving her surviving three children, namely: Orth Dains, Robert Dains and Mary Frances Greenwell.

66

The construction of the second clause of the Will of Calvin S. Orth is the subject matter of this proceeding. That clause reads as follows:

"Second:—I give and devise to my wife, Mary Frances Orth, and my three daughters, Sallie D. Orth, Mary R. Orth, and Maud S. Orth, the following described real estate, to wit:—The South West Quarter of Section Thirty-one (31) Township Thirteen (13) North, Range Three (3) West of the Forth (sic) Principal Meridian, the South East Quarter of Section Thirty-six (36) Township Thirteen (13) North, Range Four (4) West of the Fourth Principal Meridian and the South half of the South East Quarter of Section Thirty-two (32) Township Thirteen (13) North Range Four (4) West of the Fourth Principal Meridian which last described tract is subject to the life estate of my mother therein which is above created, all in Mercer County, Illinois, to have and to hold the same during the period of their natural lives, the same to be held by them jointly, and it is my will that the interest which each one held during life shall upon her death go to the survivors or survivor of them. After the death of my said wife and each of my said daughters, I give and devise the said lands in this clause described to such heirs of the bodies of any or all of my said three daughters respectively as shall survive the survivor of my said three daughters—share and share alike, to have and to hold the same to themselves and their heirs forever, and should my said daughters all die leaving no heirs of their bodies who shall survive the survivor of my said daughters, then it is my will that said lands be distributed as a part of my estate in accordance

67

with whatever laws governing descent may be in force in the state of Illinois at the time of my death."

The construction placed upon the above portion of the testator's Will determines the respective interests of the parties in the real estate in question.

It is the theory of the defendants that the testator by this clause intended to create a class gift to the heirs of the bodies of his daughters and that the class is to be determined as of the date of death of the last surviving daughter and that the class should include *all* of the heirs of their bodies living at that time and that all members of the class should share equally, share and share alike.

Plaintiffs and certain of the defendants advance the contrary theory that the testator intended in this clause of his Will to create a joint life estate in his wife and his three daughters; a contingent remainder in the heirs of the bodies of his three daughters, to take as purchasers, the words "heirs of the Bodies"; as used, describing the descendants who at the death of each daughter may become entitled to take from her as an heir, and any heir of the body of a daughter must survive the death of the last surviving daughter in order to share in the remainder.

The cardinal rule in the construction of Wills is to ascertain the intention of the testator and to effectuate such intention unless it is contrary to some rule of law or public policy. ILP Wills, Sec 203. Davidson v. Davidson, 2 Ill2d 197, 117 NE2d 769. Carr v. Hermann, 16 Ill2d 624, 158 NE2d 770. All rules of construction yield to the intention of the testator as expressed in the Will and no rule of construction will be applied to defeat that intention. Harris Trust & Savings Bank v. Jackson, 412 Ill 261, 106 NE2d 188; Bergendahl v. Stiers, 8 Ill2d 257, 133 NE2d 280.

Precedents in other Will cases are never of controlling importance in determining the intention of a testator as expressed in the particular Will under consideration. Barnhart v. Barnhart, 415 Ill 303, 114 NE2d 378; Bergendahl v. Stiers, supra. It must also be kept in mind, that when a testator makes a class gift and where distribution is postponed, the gift to the class will comprehend all members of the class born up to the period of distribution. Kiesling v. White, 411 Ill 493, 104 NE2d 291.

The testator in his Will, clearly expressed his intention, that his wife and three daughters should take a joint life estate in the real estate which is the subject matter of this proceeding, and that as each life tenant should meet death, the survivors of them should continue as life tenants, jointly, until the last survivors of them should die. With this construction the parties appear to be in agreement. The dispute arises over the question as to which of the various survivors of the deceased daughters are now to take an interest in the real estate. Following the creation of the joint life estates in his wife and daughters the testator stated: "I give and devise the said lands in this clause described to such heirs of the bodies of any or all of my said three daughters respectively as shall survive the survivor of my said three daughters share and share alike, to have and to hold the same to themselves and their heirs forever and should my said daughters all die leaving no heirs of their bodies who shall survive the survivor of my said daughters, then it is my will that said lands be distributed as a part of my estate in accordance with whatever laws governing descent may be in force in the State of Illinois at the time of my death."

It is significant that the testator refers to "heirs of the bodies of any or all . . . as shall survive the survivor . . . share and share alike." "Heirs of

the body," the plural thereof being heirs of the bodies, refers to more than children and a gift to persons so designated is a gift to a class. Then the testator fixed the time when the members of such class are to be determined at a period other than at his death by stating that they shall be those who "survive the survivor of my said three daughters." This he had a right to do and it is the rule that the wishes of the testator with reference to the time when the members of a class will be determined will be given effect when not contrary to law. Bergendahl v. Stiers, supra. In this case the testator has expressed his wishes with respect to the time when those falling within the class of survivors shall be determined. He has been specific as to such time and there would appear to be no basis for ignoring his express intention. It is also apparent from the terminology of the Will that the testator intended those members of the class to "share and share alike" in the real estate. "Share and share alike" has been defined as follows: "In equal shares or proportions . . . the words commonly indicate per capita division . . . and they may be applied to a division between classes as well as to a division between individuals." Black's Law Dictionary, Fourth Edition. A further indication that the testator intended all of the heirs of the body of all of the daughters to share in the remainder estate is found in the fact that he referred to the heirs of the bodies "of any or all of my said three daughters respectively." Webster defines "respectively" first as an adverb, which is a word used to modify the sense of a verb or adjective and then goes on to define the word as ". . . singly considered." Its use in the Orth Will would appear to emphasize the testator's determination to make a class gift to the heirs of the bodies of his daughters.

Plaintiffs cite numerous cases which it is asserted support their contention that the words "heirs of the body" as used by the testator must be construed to describe the descendants who at the death of each daughter may be entitled to take from her as an heir. In other words it is argued that any heir of the body of a daughter in order to share in the remainder must survive the death of the last surviving daughter. Particular reliance is placed on Continental Illinois Nat. Bank v. Eliel, 17 Ill2d 332, 161 NE2d 107. In that case the Will provided that if the life tenant died without issue the testatrix's interest in the B. Grossman Estate should revert back to the heirs of the B. Grossman Estate. There was a dispute between two of the defendants as to the meaning and legal effect of the term "heirs of the B. Grossman Estate." It was contended by one party that the word "heirs" was used in its ordinary legal sense to designate those persons who were Grossman's heirs at the time of his death. The other party advanced the contrary theory that the gift was to a class composed of the heirs of Grossman, meaning those who were his heirs at the time of the death of the life tenant. The Supreme Court held that in the absence of language impelling a construction differing from the ordinary and commonly accepted meaning of the expression "heirs of B. Grossman Estate" the general rule of testamentary construction was applicable and thereunder the term referred to the heirs of Grossman at his death. The court further observed that by the language of her Will the testatrix had evidenced a desire that the interest in the Grossman estate be returned to the inheritance line of that estate to be shared by those who qualified as heirs as of the date of Grossman's death. The factor distinguishing Continental from the instant case is that here the Will expressly provides

71

that determination as to the members of the class sharing in the remainder was to be made at a definite and specific time, viz: the date of the death of the last survivor of his wife and daughters.

We have examined the numerous other authorities cited by plaintiff and in none do we find a situation where as in this case the testator manifested an express intention that the word "heirs" should refer to those determined to be such as of the date of the death of the surviving life tenant and not at some time prior thereto. In our judgment plaintiffs' theory can be adopted only by abandoning the paramount rule of testamentary construction which requires courts to seek out the intention of a testator as expressed in his Will. Accordingly we agree with the trial court's conclusion that when the testator used the term "heirs of the body" he intended to include all the descendants of his daughters.

There remains for consideration plaintiffs' alternative contention that if the testator intended that the heirs of the body of each daughter be determined as of the date of her death then distribution should be made per stirpes instead of per capita. In Smith v. Thayer, 28 Ill2d 363, 192 NE2d 375, on facts similar to those shown by the instant record the Supreme Court held adversely to plaintiff's theory. There the court stated "Where a legacy is to the children of several persons, as the children of A and B, it will be presumed in the absence of contrary evidence that such children were to share per capita . . . A further circumstance to be considered is whether the distribution is to occur only after the deaths of all life tenants so that the whole corpus goes over together, thus indicating a per capita distribution, or whether distribution is to be made at different times as would be more normal in a per stirpes arrangement." In the

Will at hand we find the testator's intention that final distribution be made on a per capita basis is specifically expressed by his use of the words "share and share alike." Plaintiffs' theory could be adopted only by ignoring such plain provision and substituting in lieu thereof a provision for per stirpes distribution. We are in agreement with the trial court's conclusion that the testator in using the term "heirs of the bodies" obviously intended to include all of the descendants of his daughters and he wanted them to share equally in the gift.

For the reasons indicated the decree of the Circuit Court of Mercer County is affirmed.

Affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.